Argued January 8; reversed March 11; rehearing denied May 20, 1930.

## CITY OF PORTLAND v. MIMA CORPORATION
(285 P. 815)

*Frank S. Grant,* City Attorney, of Portland (L. E. Latourette, Deputy City Attorney, of Portland, on the brief), for appellant.

*Robert G. Smith* of Portland for respondent.

BELT, J. This appeal arises out of a special assessment proceeding instituted by the city of Portland to widen East Glisan street. In April, 1927, the city engineer, pursuant to resolution of the council, made a survey, plat and report of such proposed street improvement. The report of the city engineer, among other things, described the land to be appropriated, the amount of damages sustained by the property owner, and the assesment of benefits to each lot or parcel of land in such special assessment district. After notice and hearing, the council, by ordinance No. 52758, adopted the report of the city engineer awarding the defendant company $1,405 damages for the 2,000 square feet of land appropriated and fixed the special benefits resulting to the remainder of respondent's land in the sum of $795.40. The ordinance also embraced various other tracts of land taken for the widening of this street, setting forth the amount of damages and

the assessment of benefits. The defendant Mima corporation did not appeal from such award of damages and assessment of benefits. However, other property owners in the district, pursuant to right granted in the charter, appealed to the circuit court for Multnomah county. These appeals resulted in several judgments increasing the amount of damages sustained by various property owners. It became necessary, therefore, for the city to make a deficit assessment in order to obtain funds with which to pay the damages awarded. After notice and hearing, ordinance No. 55178 was passed, adopting the report of the city engineer proposing an assessment of benefits of $145.64 on respondent's property, as its proportionate share of the deficiency. The total deficiency in the district was $3,446.15.

Respondents thereupon appealed to the circuit court. The city moved to dismiss such appeal upon the ground that there was no statute or charter provision authorizing an appeal from a deficit assessment. Upon denial of this motion the cause was put at issue and a verdict rendered fixing respondent's damage at $1,700 and assessing its benefits in the sum of $640, making a net award of $1,060. Judgment having been entered in accordance with this verdict, the city appeals. Respondent moves to dismiss the appeal in this court for the reason that the city took possession of its property by virtue of the judgment wherein damages and benefits were assessed and, by reason thereof, can not now be heard to complain.

The vital question is: Did the defendant, under the statute or charter, have the right to appeal from the ordinance declaring a deficit assessment? If it did not, the circuit court had no jurisdiction and the judgment rendered was a nullity. If the judgment had no force

or effect, it would follow that the right of the city to prosecute this appeal would not be prejudiced by reason of having taken possession of the property. The city cannot be said to have accepted the fruits of a judgment which, in fact, did not exist.

■■ It is well settled in this jurisdiction that an appeal is not a matter of right, but a statutory privilege; and the party who would enjoy such privilege must show the law conferring it upon him: *Spencer v. City of Portland,* 114 Or. 381 (235 P. 279). Furthermore, it is to be observed that appeal is not essential to due process of law. It may be given in some cases and denied in others. As stated in Page and Jones on Taxation by Assessment, § 142:

"If sufficient notice of the original making and apportionment of the assessment is given and a full hearing upon the merits is provided for, appeal is not essential to a compliance with the provision forbidding a taking of property without due process of law * * * *"

Counsel for appellant city thus concisely and accurately summarizes the charter provisions relative to procedure for widening a street:

"The city council when it deems it expedient to lay out, widen or extend a street must direct the city engineer to make a survey, plat and written report. The city engineer is then required to make such a survey, plat and report. The report must contain each piece of property to be appropriated, a statement showing the amount of damages which in his judgment should be allowed and a further statement showing a local assessment to make up the damages. When this report is filed with the auditor the latter must give notice fixing the date when the council will hear the matter and that all persons having claims for damages and objections to the engineer's report may present such claims and objections and have the same heard

by the council at the time specified for the hearing. After the council has had the hearing, it may pass an ordinance fixing the amount of damages and assessment of benefits which in its judgment should be made. Any property owner affected by the award of damages or assessment of benefits may appeal to the circuit court from this ordinance. If an appeal be taken, and if the appeal result in a judgment allowing more damages for property to be taken, the council may make a deficit assessment in order to provide for paying the amount of damages thus fixed, and if the appeal result in a smaller award of damages, the council must make a suitable reduction from the assessment as contained in the ordinance. When the damages and the benefits have thus been equalized the assessment of benefits must be entered in the docket of city liens and collected in the manner specified. When the full amount embraced in the assessment of benefits has been collected the council may provide for the drawing of warrants in payment of the damages and thereupon declare the street duly established or widened.''

■ We turn to the charter to ascertain whether defendant was granted the privilege of appeal. Section 322 of the charter pertains to the report of the city engineer relative to proposed award of damages and assessment of benefits.

Section 323: "Notice of Report, Hearing Thereon, Objections and Claims of Owners.''

Section 324: "Power of Council to Act Upon Hearing.''

Under the above section the council may, after hearing, declare by ordinance what it deems is a "fair, just, and proper award of damages and assessment of benefits.''

Section 325 provides for right of owners to appeal:

"The owner or owners of any lot, tract or parcel of land, all or part of which is to be appropriated for a

street, streets or change, the owner of the improvements thereon, any person having an interest in such land or improvements, and any person against whom an assessment of benefits is made by such ordinance, shall have a right of appeal, within the same time, in the same manner and with the same force and effect as is provided by sections 401 and 402 of the 1903 charter of the city of Portland, which sections are contained on pages 163 and 164 of the special laws of Oregon for the year 1903."

Section 326: "Power of Council to Discontinue or Proceed."

Section 327: "Condemnation Completed."

Section 330. "Deficit Assessment":

"If, upon the determination of an appeal, it be found that the amount assessed is insufficient to defray the damages awarded and the cost of advertising, court proceedings and other expenses and that the amount charged upon the property assessed therefor is less than the benefits accruing thereto, the council may by resolution declare such deficit and direct the city engineer to prepare a proposed deficit assessment. The engineer shall thereupon prepare and file with the auditor a proposed deficit assessment, and the auditor shall give notice thereof and of the hearing of objections thereto as above prescribed with reference to the engineer's report, except that the period of publication shall be five days, and the council upon such hearing shall make a just and equitable deficit assessment. Such deficit assessment shall be made before the entry of the assessment in the lien docket and shall be consolidated therewith."

■ Viewing the above sections of the charter in their entirety, we think it is clear that no right of appeal was intended to be granted from an ordinance fixing a deficit assessment. A charter should be so construed as to make it operative and effective. Constructions which lead to absurdities should be avoided. If there

be an appeal from a deficit or supplemental assessment and increased damages are awarded, the city would be obliged to make another assessment in order to obtain funds to pay such damages. Could the property owner also appeal from this assessment? Where would be the end to such procedure? The construction urged by respondent would render the charter absolutely ineffective and defeat the city in its purpose to appropriate private property for public use. A supplemental assessment is distinguishable from a reassessment. Neither are we dealing with a case wherein the city is exercising the power of eminent domain under the statute. In the instant case the city was acting under and by virtue of its charter. Defendant did not see fit to appeal from the original assessment of damages and benefits. It was given the right to be heard on the supplemental assessment. There has been no invasion of its constitutional rights. The property was appropriated by due process of law.

Neither do we believe that chapter 294 of General Laws of Oregon for 1925 grants the property owner the right to appeal from a deficit assessment. The "final judgment or ordinance" therein referred to is the original ordinance from which respondent did not appeal.

It follows that the judgment of the lower court is reversed.

Coshow, C. J., and Bean, J., concur.

Hamilton, A. A. J., took no part in this decision.