Motion to strike portion of transcript allowed May 24; motion to dismiss appeal denied July 19; rehearing denied September 14; appeal dismissed by stipulation December 20, 1932

## NEDRY *v.* HEROLD
(11 P. (2d) 548, 13 P. (2d) 372)

*A. W. Norblad,* of Astoria, for appellant.

*Hesse & Franciscovich,* of Astoria, for respondent.

ROSSMAN, J.   This is a motion for an order to strike from the transcript on appeal four documents, one of which is entitled Motion to Settle and Allow an Amendatory Bill of Exceptions, another of which is entitled Proposed Amendatory Bill of Exceptions, and the other two of which are affidavits.

A brief statement of the controversy which culminated in this appeal may be helpful.  The plaintiff, who was run down by the defendant's automobile, brought an action against the defendant for damages.  After the defendant had been served with the complaint and summons the plaintiff obtained an order entering the defendant's default.  Later, the plaintiff recovered judgment for the sum of $10,000 damages, and still later the plaintiff examined the defendant under supplementary proceedings in which the latter was represented by Mr. James L. Hope, an attorney.  Subsequently, after other counsel had been retained a motion was filed to set aside the default upon the ground that when it was entered the defendant was not aware of the fact that an insurance company whose policy insured him against such liabilities would not protect him.  The motion to vacate the default was supported by affidavits.  The plaintiff in resisting the motion filed other affidavits.  At the time of the hearing Mr. Hope testified, and thereafter the circuit court overruled the motion.  No court reporter was present at

this hearing and, hence, the testimony was not perpetuated. Subsequently the defendant appealed. When the defendant presented his bill of exceptions there was contained therein a synopsis of the testimony of Mr. Hope prepared by the defendant's counsel. Before the trial judge signed the bill of exceptions he drew his pen through this synopsis and substituted in its stead the following: "James L. Hope  *  *  *  testified orally as a witness for plaintiff, but the questions propounded to him, and his answers made thereto, were not taken down by the court reporter or by anybody else, nor was his said oral examination otherwise perpetuated or preserved, and since the parties cannot agree between themselves as to what said questions propounded to him and answers thereto were, the court cannot certify as to the extent, substance or effect of such oral examination of said witness."

Accompanying the bill of exceptions, but not mentioned therein, are the two affidavits which the plaintiff moves to strike from the transcript. One of these is by the trial judge and the other is under the oath of Mr. A. W. Norblad, attorney for the defendant. The former, after referring to the aforementioned synopsis of the testimony of Mr. Hope as it appeared in the proposed bill, states that at the time the bill of exceptions was settled Mr. Hesse, attorney for the plaintiff, challenged the verity of the synopsis; that thereupon Mr. Norblad offered to permit Mr. Hesse to make any alterations in the statement which he saw fit, and that since the affiant was unable to recall Hope's testimony he could not certify to the correctness of the statement as set forth in the proposed bill of exceptions. The affidavit of Mr. Norblad swears to the verity of the synopsis of Mr. Hope's testimony as he, Mr. Norblad, had written it into the proposed bill of exceptions, and

states that he offered Mr. Hesse the opportunity of making any corrections in the statement which he, Mr. Hesse, might desire. We shall now refer to the nature of the other two documents which the plaintiff's motion seeks to have stricken. The one entitled Motion to Settle and Allow an Amendatory Bill of Exceptions is attached to the other of these two documents which is entitled Proposed Amendatory Bill of Exceptions. The latter does not bear the signature of the trial judge and apparently was never presented to him. It consists of a copy of the objections which the plaintiffs filed to the defendant's proposed bill of exceptions and of copies of two affidavits to which we have already referred.

Apparently, the difficulty which the defendant is striving to overcome is the fact that since Mr. Hope's testimony was not preserved in any court reporter's notes he is experiencing difficulty in completing his record. The affidavits of the trial judge and of Mr. Norblad constituted no part of the record upon which the court acted when it denied the motion to vacate the default. As will be observed from the foregoing, both of these affidavits came into existence after the trial had been concluded, the order refusing to vacate the default had been signed and the bill of exceptions had been settled. The amendatory bill of exceptions, as we have already noted, does not bear the signature of the trial judge and consists of nothing more than copies of the two aforementioned affidavits and a copy of the plaintiff's objections to the proposed bill of exceptions.

We know of no rule of law which justifies the presence in the record of these four documents. Section 2-1604, Oregon Code 1930, which defines the contents of the judgment roll does not warrant their presence in the record. Section 2-702 defines the manner whereby

a dispute concerning an exception may be adjudicated: *State ex rel. v. Ekwall,* 135 Or. 439 (296 P. 57) ; but the defendant apparently finds this method of no assistance because no bystanders whose affidavits can now vouch for what then occurred were present when Hope testified. This circumstance does not warrant a judicial amendment to the statute to relieve the defendant of this difficulty. Appellate courts have no authority to insert into a bill of exceptions omitted evidence: *Saxon v. State,* 116 Ind. 6 (18 N. E. 268) ; *Hattrem v. Burdick,* 138 Or. 660 (6 P. (2d) 18). Such being true, we clearly have no power to insert into the record items stricken out by the trial judge, even though an affidavit submitted by the appellant makes it seem that the stricken item represents the truth. In *Schmid v. Thorsen,* 89 Or. 575 (170 P. 930, 175 P. 74), the decision remarks: ''We have here a bill of exceptions settled by the presiding judge, and then a bill of exceptions to the rulings of the presiding judge in settling the original bill.'' It seems to us that the efforts of the present appellant are similar to the efforts of that appellant. Continuing, the decision in the Schmid case stated: ''This latter we decline to consider. If such a practice should be permitted there would be no end to bills of exceptions and supplemental bills of exceptions * * *.'' It is unfortunate that the defendant is unable to avail himself of any of the methods provided by the laws of this state for proving what occurred when Mr. Hope testified. The affidavits, the motion and the proposed amendatory bills of exception will not suffice as substitutes.

It follows that the motion will be allowed.

BEAN, C. J., BROWN, RAND, CAMPBELL and KELLY, JJ., concur.

BELT, J., absent.

ON MOTION TO DISMISS APPEAL

(13 P. (2d) 372)

*Hesse & Franciscovich,* of Astoria, for the motion.
*A. W. Norblad,* of Astoria, opposed.

BEAN, C. J. Respondent moves to dismiss the appeal for the reason that it appears from the bill of exceptions that the testimony of a witness for plaintiff was given at the hearing on the motion to vacate the judgment and is not contained in the bill of exceptions.

On April 8, 1931, plaintiff commenced an action against the defendant claiming damages for personal injuries in the sum of $15,000. On April 22, 1931, an order of default against defendant was entered, and on the 8th of May default judgment was rendered against defendant in the sum of $10,000 and $35 costs. On September 2, 1931, the defendant filed a motion to set aside the order of default and to vacate the judgment and permit defendant to answer under the provisions of section 1-907, Oregon Code 1930. The defendant tendered an answer. Affidavits in support of the motion were filed pursuant to section 9-1301, and affidavits in opposition thereto and affidavits by defendant in reply to plaintiff's affidavits, some twenty-five in all. In addition thereto the oral testimony of one James L. Hope, as a witness for plaintiff, which testimony is not contained in the bill of

exceptions, was given on the hearing of the motion to vacate the judgment, notes of which were not taken by the reporter and a record was not preserved.

The motion to dismiss the appeal apparently involves the same question as the trial upon the merits of the case. We will not consider the case on its merits or refer thereto.

■ It may be, however, that the testimony which was not contained in the bill of exceptions would be simply cumulative, and it may be shown, by the several affidavits or it may appear from plaintiff's own affidavits, whether the default judgment should be vacated and the defendant allowed to file an answer, or, in other words, whether the circuit court properly exercised its discretion in the matter. Therefore, the motion to dismiss should not be allowed for this reason.

■■ It is also suggested by the motion that the appeal is not from the default judgment but from the order denying defendant's motion to set the judgment aside. Section 1-907 provides, among other things, that the court may, "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." The defendant did not have the right to appeal from the default judgment: § 7-502, Oregon Code 1930. We think defendant has the right to appeal from the order of the court refusing to vacate the default judgment under the provisions of sections 7-501 and 7-502, Oregon Code 1930: *McCoy v. Huntley,* 53 Or. 229 (99 P. 932).

The motion to dismiss the appeal is therefore denied.