Motion to dismiss appeal allowed February 20; rehearing denied
March 20, 1934

# PACIFIC SAVINGS & LOAN ASS'N *v.*
## BEKINS ET AL.
### (29 P. (2d) 816)

*William B. Layton, Gunther F. Krause* and *Edward A. Boyrie,* all of Portland, for appellants.

*Wood, Montague, Matthiessen & Rankin,* of Portland, for respondent.

RAND, C. J. Plaintiff moves to dismiss this appeal upon the ground that the decree appealed from was given for want of an answer. The suit was brought in the circuit court for Multnomah county, seeking to foreclose a mortgage on lands situate within the county. The principal office and place of business of the defendant corporation was within the county and service on said corporation was made on one of its officers. Service on the individual defendants in the suit who resided in Seattle, Washington, was made by publication. There is no question as to the sufficiency of the service upon any of the defendants. It appears, however, that after the service had been made on the defendant corporation, and while the publication was being made, a petition in involuntary bankruptcy was filed in a bankruptcy court in the state of Washington and that such proceedings were dismissed without any adjudication having been made that said defendants or either of them were bankrupt. All the defendants made default in the suit and an order was made decreeing them to be in default and, subsequently and after the dismissal of the bankruptcy proceedings, the decree from which this appeal was taken was entered for want of an answer.

After the entry of said decree, the defendants appeared specially and moved the court to vacate it upon the sole ground that the jurisdiction of the court had been terminated by reason of the pendency of said bankruptcy proceedings. This motion was overruled and thereupon the defendants made a general appearance and tendered an answer and moved the court for leave to appear and answer, and this motion was likewise refused.

■■ It is a settled rule in this state that an appeal will not lie from a valid judgment or decree given by confession or for want of an answer: Section 7-502, Oregon Code 1930. See *Kerschner v. Smith,* 121 Or. 469 (236 P. 272, 256 P. 195), and authorities cited. It is equally well settled, however, that an appeal will lie from a void judgment or decree when taken by default although it will not lie from a judgment or decree which is merely voidable or erroneous. See *Oregon Lbr. & Fuel Co. v. Hall,* 76 Or. 138 (148 P. 61).

■ The mortgage in question was given plaintiff by defendants Daniel and Bertha H. Bekins on November 1, 1927, and at the time the suit was commenced the lien of the mortgage had been in existence for more than five years and, for that reason, there being no question as to its validity, it was not embraced within the bankruptcy act, nor avoided or invalidated by it. And since the suit to foreclose the mortgage had been commenced in the state court before the filing of the petition in bankruptcy, the state court would not have been deprived of its jurisdiction to foreclose the mortgage even though there had been an adjudication of bankruptcy in the bankruptcy proceedings. These facts differentiate the case from *Isaacs v. Hobbs Tie & Timber Co.,* 282 U. S. 734 (51 S. Ct. 270, 75 L. Ed. 645),

upon which defendants rely. In that case the suit to foreclose a mortgage was commenced in a state court after proceedings in bankruptcy had been instituted in the federal court. The rule applicable to the facts in this case is stated in *Straton v. New*, 283 U. S. 318 (51 S. Ct. 465, 75 L. Ed. 1060), where the opinion was written by the same justice who wrote the opinion in the Isaacs case and where the court said:

"Following these cases the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate. The trustee in bankruptcy may intervene in such suits to protect the interests of the estate."

Again, in the same case, the court said:

"Most of the cases cited by the appellees to the effect that the initiation of bankruptcy proceedings confers on the district court jurisdiction to enjoin pending suits in state courts deal with the situation where a lien was acquired within four months of the filing of the petition, or where, after the filing of the petition an action was begun to enforce a lien valid in bankruptcy. As heretofore noted, there are a few cases which have held that the bankruptcy court may enjoin proceedings, brought prior to the filing of the petition, to enforce valid liens which are more than four months old at the date of bankruptcy; but these cases are contrary to the decisions of this court and to the great weight of federal authority."

In a note to the last cited case, found in 75 L. Ed., commencing on page 1060, the annotator says:

"As a general proposition the jurisdiction of the bankruptcy court in the administration and settlement

of a bankrupt's estate is exclusive, and no state court can assume such jurisdiction or interfere with the jurisdiction of the bankruptcy court. This rule, however, does not embrace enforcement of liens not invalidated or avoided by the Bankruptcy Act, for the enforcement or foreclosure of which proceedings in a state court have been instituted prior to commencement of proceedings in bankruptcy, either within or before the four months' period. In such case the state court has full jurisdiction, and the parties have the right to prosecute to a final disposition the suit pending in the state court at the time of the institution of the bankruptcy proceedings. (In some cases this jurisdiction is spoken of as arising under the principles of comity between the state and bankruptcy courts, as in Re Marts (1930; D. C.) 38 F. (2d) 283, 15 Am. Bankr. Rep. (N. S.) 293, and in Re Brinn (1919; D. C.) 262 Fed. 527). And the same rule applies to a proceeding in a state court which itself creates a lien that is not invalidated by the Bankruptcy Act, as, for instance, a suit instituted before the commencement of proceedings in bankruptcy, in which an attachment has been levied more than four months prior to the filing of the petition.''

The same rule was followed and approved by this court in *Federal Reserve Bank v. Weant,* 113 Or. 1 (231 P. 134). In that case, the suit to foreclose a mortgage had been commenced prior to the proceedings in bankruptcy and it was held that the assignment in bankruptcy did not have the effect of ousting the jurisdiction of the state court. That ruling conforms to the great weight of authority, both state and federal.

■ Upon other grounds the jurisdiction of the circuit court could not have been terminated by the filing of the petition in bankruptcy. The Bankruptcy Act, 1898, section 70, provides that the trustee shall be vested with title to the bankrupt's property ''as of the date

he was adjudged bankrupt". "It is therefore the adjudication," says Black, "and not the filing of a petition, which places the property in the custody or constructive possession of the bankruptcy court, and prevents the state courts from interfering with it". Black on Bankruptcy (4th Ed.), section 80.

■ There was no appeal taken from the order denying the motion to quash the service, nor was any appeal taken from the order denying the motion for leave to appear and answer. That an appeal could have been taken from either or both of said orders we think is clear under the provisions of the statute as well as the decision in *Nedry v. Herold,* 141 Or. 167 (11 P. (2d) 548, 13 P. (2d) 372), where this court said:

"We think defendant has the right to appeal from the order of the court refusing to vacate the default judgment under the provisions of sections 7-501 and 7-502, Oregon Code 1930; McCoy v. Huntley, 53 Or. 229, 99 P. 932."

■ Whether the court should have permitted the defendants to appear and answer, as moved by them, is a matter upon which we are not at liberty to pass. It was done in *Federal Reserve Bank v. Weant,* supra, but we are not at liberty to review the action of the circuit court thereon for the reason that no appeal was taken therefrom and we have not the record before us upon which the action of the court was taken.

■ For these reasons, the decree appealed from was not a void judgment but was a valid judgment and, since it was given for want of an answer, the motion to dismiss this appeal must be sustained.