Argued December 3, appeal dismissed December 11, 1963, petition
for rehearing denied January 14, 1964

## DRESSLER *v.* ISAACS ET AL

### 387 P. 2d 364

*Jesse F. Dressler* argued the cause in propria persona and submitted a brief.

No appearance for respondents.

Before ROSSMAN, Presiding Justice, and SLOAN, GOODWIN and LUSK, Justices.

### ROSSMAN, J.

This is an attempted appeal by Jesse F. Dressler from an instrument which is entitled "Order Denying Motion to Reopen Case." Mr. Dressler is not an attorney and appears in his lay capacity. No other person whose name is entered in the record as a party to the proceeding has appeared. The motion just mentioned,

which was denied by the Order Denying Motion to Reopen Case, purported to have been made on behalf of four individuals, each named Dressler. Jesse F. Dressler was one of the four. The motion was signed by Jesse F. Dressler.

The controversy out of which the purported appeal arose had its litigious origin April 18, 1955, when the four Dresslers filed a suit in the Circuit Court for Jackson County praying for the establishment of an easement over a tract of land owned by the defendants which lay adjacent to the tract owned by the Dresslers. The facts and issue of that suit are set forth in *Dressler v. Isaacs,* 217 Or 586, 343 P2d 714. The defendants in that suit and in this proceeding were and are Roby L. Isaacs and his wife and Nate H. Smith and his wife. December 6, 1956, after trial, a decree was entered in favor of the defendants. The decree thus entered was challenged by an appeal. In maintaining that suit in the circuit court and upon appeal the Dresslers were represented by able counsel. The decision upon appeal, *Dressler v. Isaacs,* supra, was announced September 9, 1959, and affirmed the decree of the circuit court. It held that the Dresslers were not entitled to the claimed easement. Mr. Dressler sought, by filing his present motion, to reopen that case.

It is seen from the foregoing that this is not an appeal from an order granting a new trial and vacating a judgment but an attempted appeal from an "Order Denying Motion to Reopen Case." We think it is very clear that this appeal cannot be maintained. ORS 19.010 (2)(d).

Appeal dismissed.