Argued February 2 on record and brief, reversed and
remanded with instructions March 25, 1971

LEE, *Plaintiff, v.* LEE, *Appellant,* BROWN,
*Relator-Respondent.*

482 P2d 745

Alberta E. Heffron, Salem, and Warren Cameron,
Seattle, Washington, for appellant.

Lawrence N. Brown, Salem, for relator-respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This appeal is from an order overruling a motion to vacate an order made after a summary hearing in which the court set attorney fees in a divorce case and imposed an attorney's lien pursuant to ORS 9.370 (2) and 87.495.

The order by Circuit Judge Musick, who had been assigned from Washington County to Marion County to hear the divorce case, was the result of a motion to impress a lien against a trust fund for claimed attorney fees in the divorce suit. The motion was made by the defendant wife's original attorney Ray G. Brown. The money was first paid in settlement of the divorce decree to the treasurer of Marion County. On January 30, 1970, attorney Ray Brown filed a motion requesting a summary hearing to determine his attorney fees and lien against this money. On February 2, 1970, Judge Musick made an order directing that the money be paid by the treasurer to attorney Richard H. Renn to be held in trust for defendant and for attorney Brown's fees. The fund was thereafter held in trust by attorney Renn, who allegedly had replaced Ray Brown when the latter was discharged by defendant. The file does not show that the statutory procedure for change of attorney (ORS 9.380) was followed. Ray Brown conceded in testimony at the summary hearing, held in March 1970, that defendant discharged him in a letter dated October 19, 1969, which he received the next day. A notice in the file, dated November 19, 1969, and filed November

21, 1969, signed by Ray G. Brown, Laurence Morley, and Richard H. Renn, in its pertinent part states:

"Notice is hereby given, at the request of the undersigned, Ray G. Brown, that the firm of Morley, Thomas, Orona & Kingsley, attorneys, and Richard H. Renn, attorney, of Lebanon, Oregon, are joined as counsel for Dorothy B. Lee."

This notice is ambiguous. It is not clear from it whether the Morley firm and Renn are joined with Ray Brown as defendant's counsel. Nothing we find in the voluminous file up to that time indicates that Ray Brown had been discharged by defendant. The defendant alleges that this notice and the action it reflects was executed and filed without her knowledge or consent.

Ray Brown cannot, with any justification, claim that any trust funds involved here, deriving from the divorce decree which are in Renn's hands, are or ever were in any sense in his, Ray Brown's, actual or constructive possession. The funds came to the county treasurer's possession through a settlement negotiated while Ray Brown was defendant's sole counsel, but they have been only in the county treasurer's and attorney Renn's possession since payment.

■ As a general rule, an order refusing to vacate an appealable order is not appealable. *Columbia Auto Works v. Yates*, 176 Or 295, 297, 156 P2d 561 (1945).

The order which set the attorney fee, dated March 10, 1970, was appealable under ORS 19.010 (2)(c).

ORS 19.010:

"* * * * *

"(2) For the purpose of being reviewed on ap-

peal the following shall be deemed a judgment or decree:

"\* \* \* \* \*

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"\* \* \* \* \*."

See also *Crawford v. Crane et ux, Hughes,* 204 Or 60, 64, 282 P2d 348 (1955), where a similar order to pay attorney fees was appealed.

Instead of appealing from the March 10 order, defendant moved to vacate it, and when the court denied the motion she appealed from the denial order.

■ An exception to the general rule mentioned above is that where the original order is void an appeal will lie from an order refusing to vacate it. *Columbia Auto Works v. Yates,* supra, 176 Or at 297. Defendant claims that the original order setting fees and imposing the lien is void because the court had no jurisdiction to make it after a summary hearing.

■ The original order was entered pursuant to ORS 9.370 (2):

ORS 9.370:

"If an attorney claims a lien, under the provisions of ORS 87.495, upon money or papers subject to delivery under ORS 9.360, the court shall:

"\* \* \* \* \*

"(2) Summarily inquire into the facts on which the claim of a lien is founded, and determine the same \* \* \*."

Defendant's argument is that ORS 9.370 (2) applies only to retaining liens. To retain a thing, one must necessarily possess it. Regardless of whether he continued to be her attorney, Ray Brown did not have

possession of the money. The entire statute applies to "* * * money * * * subject to delivery under ORS 9.360 * * *." ORS 9.360 refers only to property which has been "received" by an attorney in the course of his professional employment. *Crawford v. Crane et ux, Hughes,* 204 Or 60, supra, involved an appeal from a summary judgment pursuant to ORS 9.370 (2). The money in question there, as here, had been paid in satisfaction of the judgment to a county officer, where it remained. The court held:

> "Four things must concur and be shown * * * before recourse can be had to any of the proceedings established by § 47-517 [now ORS 9.370]. They are (1) that the party holding the property of another is an attorney; (2) that the property held belongs to a client; (3) that it has been received by the attorney in the course of professional employment by the client; and (4) that the attorney claims a retention lien thereon under § 67-1601 [now ORS 87.495], authorized by subsection (1) of that statute. Then, and not until then, can § 47-517 be invoked by one seeking to discharge or enforce the claimed retention lien * * *." 204 Or at 66-67.

The case at bar fits into the first three requirements. Renn was an attorney, holding in trust his client's money which he received in the course of professional employment. However, as we have already noted the lien claimed by Brown is not a retaining or possessory lien. It is a charging lien.

In *Crane,* the court said:

> "Since we hold that the lower court was *without power* [emphasis ours] to dispose of appellant's *charging lien* in the manner it did, it is unnecessary for us to consider the court's further finding with reference to the amount due for services rendered by Mr. Hughes [emphasis theirs]." 204 Or at 68.

The same applies to the case at bar. A court does not have jurisdiction to proceed with trials or hearings except in the manner prescribed by law. No law prescribed the summary manner by which the charging lien was attempted to be adjudicated, even though the parties were properly before the court. We hold that by proceeding in summary manner the court acted in excess of its jurisdiction and that act is void. *Garner v. Garner*, 182 Or 549, 562-63, 189 P2d 397 (1948). *Taylor v. Pearl, PicKell*, 244 Or 81, 415 P2d 757 (1966), relied upon by relator, is not in point because the money involved there was in a joint bank account in the names of the attorney claiming the lien and another attorney.

The relator was attorney on behalf of defendant in the course of a long and arduous divorce proceeding. There appears to be a very real dispute on the facts surrounding the change of attorneys. The attorney's right to a fee, the amount thereof, and the right to a charging lien therefore are subject to full hearing and decision by a court of competent jurisdiction.

The charging lien existed at common law and now exists statutorily in ORS 87.495 (2).[1]

---

[1] The court said in *Crawford*:

"We do not here undertake to say what methods are available to appellant for the enforcement of his charging lien, nor do the exigencies of this appeal demand that we do so. The kinds of relief that might be available, as we have earlier indicated, are not settled but are various and are apparently, in the absence of statutory direction, controlled by peculiar circumstances attending the character of the lien asserted, that is, for example, whether the amount claimed is fixed and determined, unliquidated or contingent, or whether the claim rests upon asserted reasonable value in the absence of an express agreement for compensation * * *.

"When, as here, conflicting issues exist as to the character of the attorney-client contract subsisting between the parties

Our holding is merely that the statutory procedure of ORS 9.370 was not available under the circumstances of this case. This holding makes it unnecessary to consider other arguments raised in the briefs.

Reversed and remanded with instructions to vacate the order of March 10, 1970.

and the amount due the attorney for his services, it might well appear that a suit in equity would be in order, thus giving the lienor and the lienee the benefit of a plenary hearing upon the issues between them but now denied by the summary processes provided by § 47-517, OCLA [now ORS 9.370] * * *." 204 Or at 67.