Argued and submitted October 4, 1982, reversed and remanded April 6, 1983

In the Matter of the Estate of
Randolph Bert DeMary, Deceased.

WAYBRANT,
*Petitioner on Review,*
*v.*
BERNSTEIN,
*Respondent on Review.*

(TC 77-3-25, CA A24324, SC 28700)

661 P2d 931

Adelbert G. Clostermann, Portland, argued the cause for petitioner on review and filed the court requested memorandum and petition in the Supreme Court.

James C. Tait, Oregon City, filed the response and supplemental memorandum in the Supreme Court and argued the cause for respondent on review.

CARSON, J.

## CARSON, J.

The issue presented by this case is whether the circuit court order that denied the plaintiff's[1] motion to vacate a prior decree closing an estate and discharging the defendant as personal representative is an appealable order.

The plaintiff's decedent was fatally injured in a one-car accident while riding as a passenger. The driver, Randolph DeMary, was also killed. For the purpose of prosecuting a wrongful death action against DeMary, the plaintiff petitioned the Clackamas County Circuit Court for an order opening DeMary's estate and appointing a personal representative. ORS 113.035. The defendant was appointed the DeMary estate's personal representative. The plaintiff's action against the defendant proceeded to trial. On May 20, 1980, however, the action was dismissed without prejudice. *See* ORCP 54.

Subsequently, on August 5, 1980, a decree was issued which closed the DeMary estate and discharged the defendant as personal representative. This decree was not appealed, though it was appealable. ORS 116.113(4); *Lothstein v. Fitzpatrick,* 171 Or 648, 657, 138 P2d 919 (1943).

On May 1, 1981, the plaintiff refiled his action against the DeMary estate.[2] *See* ORS 12.220. The defendant moved to dismiss the complaint based on the probate order of August 5, 1980, that closed the estate and discharged him as personal representative. In October of 1981, in the case at bar, the plaintiff filed a motion denominated a "Motion to Vacate Order Closing Estate" in an attempt to have the DeMary estate reopened contending that he had no notice that the defendant had moved to close the estate or that the decree had been entered. This motion was denied by an order dated March 22, 1982. The plaintiff filed

---

[1] Although this appeal is from an order in the probate proceeding, for purposes of clarity we will refer to the appellant and respondent herein as they are designated in the underlying tort claim, plaintiff and defendant, respectively.

[2] The plaintiff's original action was commenced while Oregon's Guest Passenger Statute, former ORS 30.115, was still in effect. Apparently, the dismissal was the result of his inability to establish "gross negligence" as required by the statute. Soon after the dismissal, however, this court held that the repeal of the statute was retroactive to a certain extent. *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981).

a notice of appeal citing this order but the Court of Appeals ruled that it was nonappealable and *sua sponte* dismissed the appeal.[3] *See State v. Curran,* 291 Or 119, 122, 628 P2d 1198 (1981). We granted review to consider whether the order denying the motion to reopen was appealable.

■ Analysis of appealability begins with the recognition of some basic precepts. A party does not have an inherent right to appellate court review; the right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision. *Ragnone v. Portland School District No. 1J,* 289 Or 339, 341, 613 P2d 1052 (1980); *City of Portland v. Mima Corp.,* 132 Or 660, 663, 285 P 815 (1930). However, we have said that "in a close case, * * * any doubts should be resolved against such a result as would bar the appellant from an appeal." *David M. Scott Construction v. Farrell,* 285 Or 563, 568, 592 P2d 551 (1979); *Spencer v. City of Portland,* 114 Or 381, 391, 235 P 279 (1925).

The plaintiff has not contended that the order denying his motion to vacate is a "final judgment" (*see* ORCP 67 A. (former ORS 18.010) and ORS 19.010(1)), or that it is appealable under some special statutory provision. Rather, he relies upon the provisions of ORS 19.010, the statute which generally governs the right to appeal in civil proceedings. *See* ORS 111.105(2). ORS 19.010(2) provides that certain orders, not otherwise final judgments, are appealable. In particular, the plaintiff cites subsection (2)(c):[4]

---

[3] From the limited record before this court, it is not entirely clear why the circuit court denied the plaintiff's motion to vacate, nor did the Court of Appeals further explain its decision. For purposes here, we assume that the Court of Appeals concluded that an order denying a motion to vacate a final distribution decree is, as a matter of law, nonappealable.

[4] The plaintiff has also cited ORS 19.010(2)(a), which provides that "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein" is appealable. Here the challenged order does not prevent a final judgment in this proceeding — in fact, a final decree already had been issued — except to the extent that any order denying a motion to set aside a judgment and reopen a case necessarily prevents the entry of *another* judgment. This statute was intended to make appealable otherwise interlocutory orders which effectively terminate a proceeding short of a final judgment. *See, e.g., Farmers Ins. Co. v. Lotches,* 276 Or 81, 84, 554 P2d 169 (1976); *Van Gordon v. Oregon State Board of Dental Examiners,* 34 Or App 607, 610, 579 P2d 306, *rev den* 284 Or 235 (1978), *cert den* 441 US 907 (1979).

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

■ ■ Although the order appealed from here fits within the literal language of ORS 19.010(2)(c), this court, in construing this provision, has nonetheless recognized a "general rule" that "an order denying a motion to vacate an appealable order, judgment or decree is not appealable." *Columbia Auto Works v. Yates,* 176 Or 295, 308, 156 P2d 561 (1945). *See Dressler v. Isaacs,* 236 Or 269, 387 P2d 364 (1964); *State Unemployment Comp. Comm. v. Bates,* 227 Or 357, 360, 362 P2d 321 (1961); *Orr v. Orr,* 75 Or 137, 143, 144 P 753, 146 P 964 (1915). This principle is perhaps best exemplified by the well-established rule that the denial of a motion to set aside a judgment and grant a new trial is not appealable. *Clarizo v. Spada Distributing Co. Inc.,* 231 Or 516, 522 n 2, 373 P2d 689 (1962); *Macartney v. Shipherd,* 60 Or 133, 136-37, 117 P 814 (1911).

The declaration that such orders are nonappealable is founded on sound principles of finality and judicial efficiency. Where an appellant could have appealed from the underlying judgment, decree, or order, he or she will not be permitted two bites of the appellate apple through the expediency of filing a motion to vacate the same and appealing from the denial thereof. Insofar as the appeal is based upon the substantive correctness of the prior appealable judgment, decree, or order, the appeal must be from its issuance and be perfected within the time prescribed by statute. When the statutory time for appeal has expired and the right to appeal has lapsed, a party cannot resurrect the right to appeal by asking the court to reconsider the ruling — otherwise, there would be no finality to judgments.

■ Notwithstanding these considerations, this court has recognized exceptions to the general rule, two of which are potentially applicable here. First, where an appellant's motion to vacate was based upon a contention that the prior judgment was entered against him or her as a result of his or her "mistake, inadvertence, surprise, or excusable

neglect" (*i.e.,* a motion pursuant to ORCP 71 B.(1)(a) or its predecessor, ORS 18.160), a denial of that motion is appealable. *Colwell v. Chernabaeff,* 258 Or 373, 376, 482 P2d 157 (1971); *Nedry v. Herold,* 141 Or 167, 173, 11 P2d 548, 13 P2d 372 (1932). Secondly, where the original order is void, an appeal will lie from an order refusing to vacate it. *Salitan v. Dashney,* 219 Or 553, 559, 347 P2d 974 (1959); *see Columbia Auto Works, Inc. v. Yates, supra,* 176 Or at 308-09; ORCP 71 B.(1)(d). We note that in both instances, the essence of the claim is not so much the substantive correctness of the original offending decision, but rather the propriety of the court's refusal to vacate it. Thus, instead of the appellate court being confronted with a belated review of the merits, the court is being asked more narrowly to decide whether, on procedural grounds, the appellant is entitled to have the prior decision set aside and the case reopened.[5]

▮        Here, the plaintiff's motion to vacate was based upon his allegation that the August decree closing the DeMary estate and discharging the defendant as personal representative had been improperly issued without his knowledge. With regard to the first of the exceptions to the general rule noted above, this does partake of a motion for relief from a judgment based on excusable neglect. The probate statutes contain a provision pertinent here. ORS 116.213 provides, in relevant part:

> "* * The court may, in its discretion and upon such terms as may be just, within one year after entry of the order of discharge, permit an action to be brought against the personal representative and his surety if the order of discharge was taken through fraud or misrepresentation of the personal representative or his surety or through the mistake, inadvertence, surprise or excusable neglect of the claimant."

---

[5] Because the purpose of the appeal in both instances is narrow, the corresponding scope of review is narrow. On an appeal from the denial of a motion to set aside a final probate decree on the ground of inadvertence or excusable neglect, the reviewing court is limited to determining whether the trial court abused its discretion in denying the motion. *Wells v. Wells,* 262 Or 44, 51-2, 496 P2d 718 (1972). Similarly, it has been held that an appeal from the denial of a motion to vacate an allegedly void judgment raises only the question of whether the judgment is in fact void; any review for mere errors in the original judgment must have been through its direct appeal. *Herman's Executrix v. Martin,* 107 Ky 642, 55 SW 429, 430 (1900).

This statute is similar in scope and purpose to ORCP 71 B.(1) and we will assume, *arguendo,* that the exception making the denial of a motion pursuant to the latter appealable also obtains with regard to the former. The plaintiff, however, failed properly to allege a right to relief on this ground. His motion to vacate cited neither ORCP 71 B.(1), former ORS 18.160, nor ORS 116.213, and did not specifically allege "mistake, inadvertence, surprise, or excusable neglect" (much less fraud or misrepresentation). In any event, his motion was filed more than a year after the issuance of the August decree. Accordingly, we conclude that the plaintiff's motion to vacate does not fit within the first exception noted above.

■    The second exception — *viz.,* that an order refusing to vacate a void order is appealable — presents more of a problem. *Salitan v. Dashney, supra,* involved a judgment which was void because it had been entered in excess of the trial court's jurisdiction. *See also, Lee v. Lee, Brown,* 5 Or App 74, 482 P2d 745 (1971). Cases from other jurisdictions are in accord and require that the underlying judgment be void, rather than merely erroneous or voidable, before an appeal will lie from an order refusing to set it aside. *See* Annot., 81 ALR2d 537, § 11 (1962). Here the challenged decree is not facially void, having been duly entered by a court which had subject matter jurisdiction over DeMary's estate.

Because the Court of Appeals summarily dismissed the plaintiff's appeal, apparently as a matter of law, despite his contention that the decree was void as to him, we must determine whether the plaintiff has established a colorable claim in that respect which would mandate further analysis by that court. The question thus presented is whether the defendant's alleged failure to give notice to the plaintiff prior to obtaining the August decree vitiates the decree as to the plaintiff. That, in turn, raises the question of whether the plaintiff was entitled to notice. ORS 116.093(1) designates those persons to whom notice is to be sent prior to closing and discharge:

> "Upon filing the final account and petition for decree of distribution, the personal representative shall fix a time for filing objections thereto in a notice thereof. Not less

than 20 days before the time fixed in the notice, the personal representative shall cause a copy of the notice to be mailed to:

"* * * * *

"(c)   Each creditor who has not received payment in full and whose claim has not otherwise been barred.

"(d)   Any other person known to the personal representative to have or to claim an interest in the estate being distributed."

The parties have spent much effort disputing whether a person with a potential tort claim against the decedent which has not been reduced to judgment is a "creditor" of the estate. Suffice it to say, there is no law on point in this state and courts in other states have reached varying results. *See generally* Annot., 87 ALR2d 1231 (1963). But, ORS 116.093(1)(d) appears to have a broader scope. It requires that notice be sent to any person whom the personal representative knows to "have or to claim an interest in the estate being distributed." The probate code defines an "interested person" as including "creditors and any others having a property right or claim against the estate of a decedent that may be affected by the proceeding." ORS 111.005(19). It further defines "claim" as including "liabilities of a decedent, whether arising in contract, in tort or otherwise." ORS 111.005(7). The implication of these provisions may be that the personal representative is obligated to provide the necessary notice to any person he or she knows may have an unbarred tort claim against the estate.[6]

Here, notwithstanding the fact that his wrongful death action against the estate had been dismissed, the plaintiff contends that the claim remained viable for at

---

[6] Such an interpretation of ORS 116.093(1)(d) is not, however, compelled. The legislature's use of the language "claim an interest *in the* estate" may have been meant to reference only those persons, such as purported heirs or legatees, who assert an entitlement to a share of the distributive estate. This would be in contrast to those, such as creditors, who assert a "claim *against* " the estate's assets.

We emphasize that our purposes here do not require us to decide whether the plaintiff was actually entitled to notice under ORS 116.093(1)(c) or (d), but only whether he has established a colorable claim to such notice. Given the ambiguity of the statutory language and the paucity of controlling caselaw, we conclude that he has.

least another year following the May 20, 1980, dismissal and that the defendant was aware of this fact. *See* ORS 12.220. Hence, the plaintiff argues, until such time as his cause of action was time-barred, the defendant was obligated to provide him with notice before moving the court to issue a decree of final distribution and close the estate. From there the plaintiff argues that because the purpose of the ORS 116.093(1) notice is to apprise the claimant of the proceedings so as to enable him or her to protect any rights in the estate (including the right to appeal the final decree), where a claimant has not been given the requisite notice and is otherwise faultlessly unaware of the fact that the estate is about to be closed, the decree closing the estate and discharging the personal representative will not be a bar to his or her claim.

ORS 116.233 specifically provides for a procedure whereby the decree may be vacated and the closed estate reopened for further proceedings:

"Upon the petition of any interested person, the court, with such notice as it may prescribe, may order the estate of a decedent reopened if other property is discovered, if any necessary act remains unperformed or for any other proper cause appearing to the court. The court may reappoint the former personal representative, or appoint another personal representative, to administer any additional property or to perform such other acts as are considered necessary. The provisions of law as to original administration apply, in so far as applicable, to accomplish the purpose for which the estate is reopened, but a claim that already is adjudicated or barred may not be asserted in the reopened administration."

The plaintiff's motion to vacate cited the above statute and argued that because the defendant improperly failed to give him notice, he was entitled to have the estate reopened. His appeal is based on the same theme.

Because of the limited record before us, we do not here decide whether the plaintiff is correct in his assertion that he was entitled to have the DeMary estate reopened for the purpose of completing the litigation of his claim. We hold only that if he can establish that he was entitled to notice under ORS 116.093(1), that he had no notice of the defendant's motion to close the estate, and that his claim

was not otherwise barred, he may have a right to have the estate reopened under ORS 116.233 for the purpose of having his claim finally adjudicated. In this sense, the August 5, 1980, decree may be "void" as to the plaintiff and the trial court's March 22, 1982, order refusing to vacate that decree and reopen the estate under ORS 116.233 would be appealable under ORS 19.010(2)(c). In short, we merely hold that the Court of Appeals erred when it dismissed the plaintiff's appeal for being, as a matter of law, from a non-appealable order without determining whether the plaintiff has established that the prior decree was in fact void as to him.

This result is consonant with the general rule and exceptions set forth above. The plaintiff is not attempting by this proceeding to effect a belated appeal of the August decree. Rather, he is arguing that, on procedural grounds, the decree cannot be deemed binding on him and must be set aside.

In summary, we conclude that the plaintiff has established a colorable claim that the August decree closing DeMary's estate and discharging the defendant as personal representative is void as to him. If the claim is in fact true, the plaintiff is entitled to have the decree set aside and the trial court's order refusing to vacate the decree was appealable. Therefore, the case must be remanded to the Court of Appeals for a determination of whether the plaintiff is correct in his contention.[7]

Reversed and remanded.

---

[7] Just as a trial court must on occasion necessarily exercise jurisdiction to determine whether it has jurisdiction to proceed, an appellate court may have to accept an appeal to determine whether the appellant has a right to review. This is particularly true where the appealability of the cited order turns upon an extrinsic fact (*e.g.*, whether the decree sought to be set aside was void with regard to the appellant).