Argued and submitted April 4, appeal dismissed July 27, 1983

LAIRD et ux,
*Respondents,*

*v.*

HILDERBRAND et ux,
*Appellants.*

(E-7558; CA A25569)

667 P2d 1

Paul J. Lipscomb, Salem, argued the cause for appellants. With him on the briefs was Blair, MacDonald, Jensen & Lipscomb, Salem.

John L. Jacobson, Baker, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

Rossman, J., dissenting.

## PER CURIAM.

This is the second time this declaratory judgment action has been before the court. The first time it was on plaintiffs' appeal from a decree declaring the parties' interests in certain real property under an oral agreement. We affirmed without opinion. *Laird v. Hilderbrand,* 54 Or App 166, 634 P2d 836 (1981). The case is here now on defendants' appeal from the trial court's denial of their "Motion to Clarify Declaratory Judgment." Plaintiffs moved to dismiss the appeal for lack of jurisdiction. They argued that defendants, having failed to cross-appeal from the original decree, may not now challenge the adequacy of their award by contending that the decree needs clarification. We denied the motion to dismiss with leave to renew it in briefs and on oral argument. We have reconsidered that matter in light of counsels' arguments and conclude that plaintiffs' jurisdictional argument is well taken. Defendants' motion to clarify is, in effect, an attempt to reopen a case that is over. The trial court had no jurisdiction to consider defendants' motion and this appeal cannot be maintained. *See Dressler v. Isaacs,* 236 Or 269, 387 P2d 364 (1963). We need not decide whether the parties may have some other recourse to clarify the decree. *See, e.g.,* ORCP 71.

Appeal dismissed.

## ROSSMAN, J., dissenting.

The declaratory judgment decree in this case is ambiguous with respect to the extent of defendants' award. Resolution of that ambiguity does not require, nor would it be tantamount to, reevaluating the merits of the original case. Furthermore, it is needlessly circuitous and a waste of judicial time to delay clarification of the terms of the decree until this precise issue arises in some later dispute between the parties. In my opinion, the issue is properly before us and we should decide this appeal. Accordingly, I respectfully dissent.

At trial in the declaratory judgment suit, defendants claimed that, on the basis of a 1968 oral agreement, they were entitled to a house and approximately 7-1/2 acres of land, which included a "garden spot" and a gravel pit across the road from the house. In 1974, defendants had a survey made of the property immediately surrounding the house. The map based on that survey was introduced as an exhibit at the original trial. It shows the dimensions and calls for a nearly rectangular

piece of property bordered on the south by "Baker Co. Road." The sides of the piece measure 133.41 feet, 294.86 feet, 125.74 feet and 227.35 feet, respectively. No other parcels are designated on the map by dimension, name or other notation, and the boundaries that are designated do not extend across "Baker Co. Road." In the declaratory judgment, the trial court concluded:

> "The evidence is insufficient for defendants to establish a valid claim to the gravel pit or any property across the road from the said Shepherd Place."

The portion of the declaratory judgment order in dispute provides:

> "NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED that Defendants Charles and Wilma Hilderbrand, husband and wife, are hereby declared as of 1972 to be the owners of the Shepherd Place, to-wit, *the house and approximately 7 1/2 acres as described on the survey prepared in 1974,* free and clear of any claim of the Plaintiffs Percy and Aleda Laird, husband and wife. That the Shepherd Place *as described* is the full extent of any real property which can be claimed by Defendants Charles and Wilma Hilderbrand and that Plaintiffs' remaining real property is free and clear of any claims of Defendants." (Emphasis supplied.)

Defendants' motion to clarify states, in part:

> "* * * [S]aid Declaratory Judgment states that Defendants are entitled to a house and approximately 7 and 1/2 acres pursuant to a survey prepared in 1974, marked Exhibit 22, and said survey does not specifically set out the 7-1/2 acres. Consequently, Defendants herein have been unable to accurately obtain the title to the property * * *."

Defendants identify what appears to be a latent ambiguity; *i.e.,* the survey to which the judgment order refers shows a parcel of significantly less than 7-1/2 acres. The motion in effect asks the court to construe an ambiguous decree.

I certainly agree with the principle implicit in the majority's decision that neither the trial court nor this court has jurisdiction to reconsider the merits of this case. However, in order to decide the question raised by defendants' motion to clarify, neither the trial court nor this court need consider whether the trial court in the original suit *should have* awarded defendants 7-1/2 acres; the only question is whether that court

*in fact* did so.[1] It seems to me that, given the ambiguity of the original decree, which we have affirmed, that question must be answered to give practical effect to the judgment.

In such a case, the court is to give effect to the intention of the court rendering the judgment and not to that of the parties. *See, e.g., Cross and Cross,* 55 Or App 422, 425, 637 P2d 1386 (1981). After a hearing on defendants' motion, the trial court found that it had intended to declare defendants to be the owners of *only* the property described on the survey prepared in 1974 and entered an order to that effect. If that is correct, the court had originally simply misstated the acreage content.

The trial court agreed to consider the motion to determine whether "in fact it needs to be clarified in order to carry out the terms of it." In my opinion, the trial court acted sensibly and properly in considering the motion.

---

[1] Arguably, this case involves the correction of a "clerical error," *i.e.,* making the record conform to the judgment the trial court actually rendered in the original action. *See generally Mullinax and Mullinax,* 292 Or 416, 423-24, 639 P2d 628 (1982). ORCP 71A provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court *at any time* on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected under this section only with leave of the appellate court." (Emphasis supplied.)