Submitted on record and briefs October 26, 1984, appeal dismissed April 10, reconsideration denied June 7, petition for review allowed July 30, 1985 (299 Or 583)
See later issue Oregon Reports

In the Matter of the Marriage of

HENRY,
*Respondent,*
*and*

HENRY,
*Appellant.*

(D83-0779; CA A30423)

698 P2d 496

Nancy Sideras, and David R. Barrow, Certified Law Student, Portland, filed the brief for appellant.

Walter D. Alley, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Wife appeals from those portions of a dissolution decree awarding child custody, establishing child support and disposing of personal and real property. Because the default judgment was entered against her for want of an answer, we dismiss the appeal. ORS 19.020.

Husband and wife were married in 1963 in Switzerland. They have two minor children, a son and a daughter. Husband commenced his action in Washington County. At the time, he had resided in Oregon for at least six months. His petition indicated that wife was residing in Spokane, Washington, with the daughter. Wife was personally served with summons and a copy of the petition at her residence. Wife did not file any responsive pleadings, and husband took a default decree. The decree awarded husband custody of the son and wife custody of the daughter. It disposed of real and personal property situated in Washington and established child support of $100 per month, payable by husband to wife.

Wife appeals, making various jurisdictional arguments. She concedes that the court had jurisdiction to dissolve the marriage. However, she contends that, because she was not subject to personal jurisdiction in Oregon, the court could not validly dispose of the property located in Washington. She also argues that, because husband failed to comply with the requirements of the Uniform Child Custody Jurisdiction Act, ORS 109.700 to 109.930, the court lacked jursidiction to make a custody award. Finally she asserts that, in the absence of a valid custody award, and because husband failed to provide information in his petition that is required by ORS 107.095(4)(a) and (b), the court lacked jurisdiction to order child support.

Although each of wife's arguments may be sound, this court lacks jurisdiction to hear her appeal. ORS 19.020 provides who may appeal a judgment or decree:

"Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom. * * *"

This statute precludes appeals by those against whom a default is taken for failure to file an answer. *See State ex rel v.*

*Simpson,* 69 Or 93, 137 P 750 138 P 467 (1914); *State v. Leasia,* 45 Or 410, 78 P 328 (1904); *Fassman v. Baumgartner,* 3 Or 469 (1869).

There is authority that creates an exception to ORS 19.020 and allows an appeal from a *void* decree taken by default. *See Dennison v. Doreen,* 281 Or 89, 573 P2d 1242 (1978); *Colwell v. Chernabaeff,* 258 Or 373, 482 P2d 157 (1971). However, that exception does not apply to this case, even though a decree entered without personal jurisdiction would be void. The exception to ORS 19.020 originated in *Smith v. Ellendale Mill Co.,* 4 Or 70 (1870). At that time, section 526 of the Civil Code provided that no appeal would lie from a judgment given for want of an answer. The court noted that a judgment for want of an answer could only be rendered when it appeared from the record that defendant had been duly served with summons. Accordingly, the court reasoned that, when a defendant was not duly served, the judgment rendered was not one for want of an answer, and an appeal was possible. 4 Or at 71. The court, as a matter of policy, stated that the requirement of proper service insured that a defendant would be notified that a case was pending and of its nature.

Since *Smith v. Ellendale Mill Co., supra,* the only cases in which an appeal has been allowed from a default have involved improper or nonexistent service. *See, e.g., Smythe v. Smythe,* 80 Or 150, 157, 149 P 516, 156 P 785 (1916). A number of other cases purport to apply the exception but, actually, they only pay lip service to it. They do not involve appeals of default judgments but rather appeals of denials of motions to vacate or to open default judgments. *Dennison v. Doreen, supra; Pac. Sav. Loan Ass'n. v. Bekins,* 146 Or 385, 29 P2d 816, *cert den* 293 US 557 (1934); *Nedry v. Herold,* 141 Or 167, 173, 11 P2d 548, 13 P2d 372 (1932); *Askren v. Squire,* 29 Or 228, 45 P 779 (1896).

There is no contention is this case that wife was not properly served. Moreover, there was no motion to set aside the default. Accordingly, because wife attempts to bring a direct appeal from a default judgment, we must dismiss.[1]

Appeal dismissed. No costs to either party.

---

[1] This opinion is in no way intended to preclude wife from seeking relief in an appropriate manner.