Argued and submitted June 22, affirmed October 14, 1987

In the Matter of the Estate of
Marie Morris Chin, Deceased.

FIRST INTERSTATE BANK OF OREGON, N.A.,
*Appellant,*

*v.*

HAYNES,
*Respondent.*

(33332; CA A40844)

743 P2d 1139

Paul J. De Muniz, Salem, argued the cause for appellant.

With him on the briefs was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Sandra Smith Gangle, Salem, argued the cause for respondent. With her on the brief was Depenbrock, Gangle & Naucler, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff First Interstate Bank (Bank), appeals from an order granting defendant Haynes' motion to strike Bank's petition to reopen the estate of Marie Morris Chin (Chin). The issues are whether the order is appealable and, if so, whether the petition is barred by *res judicata.* We conclude that the order is appealable and that the petition is barred. Accordingly, we affirm.

This action is Bank's third attempt to recover $20,590 in Social Security benefits that it paid to Chin after the death of her husband, and for which it was required to reimburse the government. Bank made its first attempt in December, 1982, by filing a claim against Chin's estate. The claim was disallowed as untimely and, on February 8, 1983, the estate was closed. The order closing the estate was not appealed. On February 16, 1983, Bank instituted an action for restitution against Haynes in his capacity as residuary legatee of the estate. He had been the estate's personal representative. The trial court dismissed the action, holding that Bank's claim, if any, was against the estate and not the residuary legatee. We affirmed. *First Interstate Bank v. Haynes,* 73 Or App 714, 717, 699 P2d 1168; *former opinion adhered to* 75 Or App 18, 704 P2d 1165, *rev den* 300 Or 180 (1985). Bank's third attempt came in January, 1986, when it filed this petition to reopen the estate against Haynes and defendant Embick, the personal representative's attorney.

The petition to reopen alleged that the closing of the estate was void as to Bank, because, under ORS 115.145, the time to challenge the disallowance of Bank's claim had not yet expired and because Bank was not given notice of closure pursuant to ORS 116.093(1)(c) and (d). The trial court allowed Embick's motion to dismiss the petition as to her and gave Bank ten days to replead. The trial court also allowed Haynes' motion to strike the petition and gave Bank ten days to replead. Plaintiff appeals from that order. We turn first to the jurisdictional question of the appealability of the order.

In *Waybrant v. Bernstein,* 294 Or 650, 661 P2d 931 (1983), the court held that an order denying a motion to vacate a decree closing an estate is appealable if it is based on a "colorable claim" that the plaintiff was entitled to notice of the pending closure, the plaintiff did not have notice and the

claim is not otherwise barred.[1] Although it is not clear what the court meant by "colorable claim," Bank's claim that it did not receive notice as required by ORS 116.093(1)(c) and (d) is substantially the same as the claim held "colorable" in *Waybrant*. We therefore conclude that the order granting defendant's motion to strike the petition is appealable and turn to the merits.

The trial court ruled that the petition is barred by *res judicata*. In *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982), the court stated the applicable principle:

> "We start with the general rule, well established in this state, that a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action. *Troutman v. Erlandson*, 287 Or 187, 201-07, 598 P2d 1211 (1979); *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 531 P2d 266 (1975)."[2]

Bank does *not* contend that the petition to reopen is not based on the same factual transaction as the restitution action or that the petition does not seek an additional or alternative remedy or that the petition could not have been joined with the 1983 restitution action. Bank's arguments, although somewhat unclear, appear to be that the defendants are not the "same" for *res judicata* purposes and that the petition is based on a different legal theory than was the restitution action. We address those arguments in turn.

Bank first argues that it sued Haynes in his capacity as residuary legatee in the restitution action, that Haynes was made a defendant here in his capacity as personal representative and that he, therefore, is not the "same" defendant for *res judicata* purposes. Bank relies on *Restatement (Second)*

---

[1] Rather than filing a "motion to vacate a decree closing an estate," as in *Waybrant*, Bank filed a petition to reopen the estate under ORS 116.233. However, the *Waybrant* court treated the motion in that case as a petition to reopen, *see* 294 Or at 658, and we therefore conclude that *Waybrant* controls here.

[2] Bank refers us to *Universal Ideas Corp. v. Esty*, 68 Or App 276, 681 P2d 1176, *rev den* 297 Or 546 (1984), for *res judicata* principles. However, that is a collateral estoppel case, not a *res judicata* case, and it is therefore not relevant here.

*Judgments,* § 36 (1982), which says that a party appearing in an action in one capacity is not entitled to the benefit of *res judicata* in a subsequent action in which he appears in another capacity. However, it is not at all clear to us that the petition to reopen names, or could name, Haynes in his capacity as personal representative.

The petition does not specify in which capacity Haynes was made a defendant. The prayer asks "[t]hat the *residuary beneficiary* be ordered to return to the estate the amount of $20,590.00 * * *." (Emphasis supplied.) The trial court's May 29, 1986, letter opinion indicates that it thought that Haynes was being sued in his capacity as residuary legatee:

> "[Bank] has filed a petition to reopen this estate and has named as defendants, [Haynes], *qua residuary legatee of the estate,* and Marion B. Embick, as former attorney for [Haynes] in his capacity as personal representative of the estate." (Emphasis supplied.)

Additionally, ORS 116.213 prohibits actions against the personal representative more than one year after the entry of an order discharging the personal representative. Haynes was discharged as personal representative in 1983, and the petition was not filed until 1986. Thus, Bank could not make Haynes a defendant in his capacity as personal representative, but only in his capacity as residuary legatee. Haynes is the "same" party for *res judicata* purposes.

■ Bank's second argument is that *res judicata* does not bar the petition to reopen, because

> "in the former action, the Court of Appeals examined only the question of whether Defendant Haynes, as residuary legatee, was required to surrender sums received from decedent Chin's estate. The question today is whether the estate should be reopened."

We understand Bank to mean that, because it seeks to recover the $20,590 on a different legal theory than it asserted in the restitution action, *res judicata* does not apply. However, the cases are plainly to the contrary. *See, e.g., Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975).

One final matter remains. Haynes asks us to award him attorney fees or damages for a frivolous appeal. *See* ORS 19.160; ORS 20.105. We decline to do so.

Affirmed.