Argued March 18, affirmed April 19, reconsideration denied May 26, petition for review denied June 15, 1976

In the Matter of the Dissolution of the Marriage of
GUTZMAN, *Respondent,*
*and*
GUTZMAN, *Appellant.*
(No. 74-561-E, CA 4934)

548 P2d 993

*Dan Wolke,* Grants Pass, argued the cause for

appellant. With him on the brief were Wally P. Martin and Martin and Wolke, Grants Pass.

*Donald F. Myrick,* Grants Pass, argued the cause for respondent. With him on the brief were Donald H. Coulter and Myrick, Coulter, Seagraves & Nealy, Grants Pass.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

In this dissolution proceeding the trial court entered a decree dissolving the marriage, awarding custody of the minor children to the wife and dividing the property between the spouses. On the date the decree was entered, the husband moved to set it aside on the ground that he had not received actual notice of the trial date. The trial court denied the motion; the husband appeals from that denial but does not appeal from the decree. The questions on appeal are whether denial of a motion to set aside a decree is appealable and, if so, whether the trial court abused its discretion in not setting aside the decree.

The facts can be summarized as follows. The wife filed a dissolution petition in September 1974; the husband filed a response in November. The trial was then set for April. The husband had returned to British Columbia where his business required him to travel frequently. On March 7, 1975, his attorney wrote to notify him of the trial date. On March 18 his attorney wrote again by both air mail and certified mail that the date had been moved up one day. The certified letter came back.

In March the wife learned that the husband had suffered a heart attack on March 19 and was in the hospital in British Columbia. He told her over the telephone that he would be discharged on April 7 and was coming through Grants Pass on his way to California. On the advice of her attorney not to discuss the dissolution with her husband, she did not mention the trial, which was set for April 9.

The husband conceded that he did not contact his attorney until he had been in Grants Pass for "a couple of days," and he did not appear at trial. When his attorney's motion for a continuance was denied, the attorney participated fully in the trial, including cross-examining the wife.

When the husband did contact his attorney on April

11, he did not move to reopen the trial for further testimony. Instead, he waited until June, at which time he objected to the proposed order and then moved to set aside the decree.

At a hearing on the motion, the husband testified that his business required him to travel and that he had received no notice of the hearing. He stated that at that time he had not picked up his mail for three or four months. The trial court denied the motion to set aside the decree, stating that since the husband had not maintained any contact with his attorney he must take the consequences of that course of conduct.

The first question here is whether this denial of the husband's motion to set aside is an appealable order. The general rule is stated in *Lee v. Lee,* 5 Or App 74, 484 P2d 745 (1971), as follows:

> "As a general rule, an order refusing to vacate an appealable order is not appealable. *Columbia Auto Works v. Yates,* 176 Or 295, 297, 156 P2d 561 (1945)." 5 Or App at 76.

However, a motion to vacate a decree on the basis of ORS 18.160 is a separate proceeding and the granting or denial of that motion is appealable. *Columbia Auto Works v. Yates,* 176 Or 295, 305, 156 P2d 561 (1945); *Macartney v. Shipherd,* 60 Or 133, 139, 117 P 814, 1913D Ann Cas 1257 (1911). ORS 18.160 provides as follows:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The husband's allegations that his lack of notice was due to illness and failure of communication arguably come within that statute. We find that the denial of the motion here is an appealable order.

The question on the merits is whether the trial court abused its discretion under ORS 18.160 in not setting aside its decree. We hold that it did not abuse

that discretion. We agree with the trial court that the husband, who knew of the dissolution proceeding, had the responsibility to keep in touch with his attorney or to be available to receive mail from him. The husband gave no reason why he did not at least collect his mail as he left the hospital, since it was held for him in the same town. He also gave no reason for not contacting his attorney promptly on arrival in Grants Pass or in not moving to reopen the case for further evidence if he had any he deemed relevant to present to the court. Not only did he fail to do so, but in his motion to set aside the decree he failed to suggest what testimony he would have offered.

Under these circumstances the trial court did not abuse its discretion in refusing to set aside the decree.

Affirmed.