Argued and submitted April 6, affirmed December 9, 1987, reconsideration denied January 29, petition for review denied February 17, 1988 (305 Or 103)

# BRUNER,
*Appellant,*

*v.*

# CASCADE WESTERN CORPORATION,
*Respondent.*

(83-4497-J-1; CA A40419)

746 P2d 231

Sandra Sawyer, Medford, argued the cause for appellant. With her on the briefs was Grant, Ferguson, Carter, P.C., Medford.

David Gernant, Portland, argued the cause for respondent. With him on the brief was Kent C. Whitaker, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Gary Bruner (plaintiff) appeals the dismissal of his personal injury complaint under ORCP 54B(1). He argues that the dismissal resulted from miscommunication between his Oregon and Washington attorneys, mistake and excusable neglect. We find no abuse of discretion and affirm.

Plaintiff was allegedly injured in the swimming pool at the Holiday Inn in Medford on December 23, 1981. That motel is owned by defendant Cascade Western Corporation. Plaintiff, a Washington resident, retained a Washington attorney, Pearson, who filed a complaint in the circuit court on December 19, 1983, naming "Holiday Inns" as the only defendant. Pearson was not licensed to practice law in Oregon or otherwise authorized to appear in Oregon courts. DeSimone, an Oregon attorney, was associated as Oregon counsel on January 6, 1984; he filed an amended complaint naming Cascade Western Corporation as defendant on June 18, 1984.

Defendant moved to make the amended complaint definite and certain on July 18, 1984, following repeated attempts to gain more information from both of plaintiff's counsels. Plaintiff did not respond, and the motion was granted on July 27. In the meantime, communications between plaintiff's Oregon and Washington attorneys had deteriorated. DeSimone notified the court, Pearson and defendant's counsel that he would withdraw as Oregon counsel as of August 10, 1984. In his affidavit accompanying his motion for leave to withdraw, he asserted that Pearson had repeatedly failed to respond to phone calls and letters regarding the case. He was granted leave to withdraw on September 14, 1984.

A motion for dismissal was filed on September 14, and that finally precipitated a response from Pearson. A second amended complaint, signed only by Pearson, was sent to defendant's counsel on September 19, 1984, and was filed in the circuit court on September 27, 1984. Defendant's motion for dismissal was granted on September 26, 1984, prior to the amended complaint being filed. On October 10, 1984, Pearson filed a motion, signed only by him, to vacate the order of dismissal. The law firm of Grant, Ferguson, Carter, P.C., was associated as plaintiff's Oregon counsel on November 7, 1984.

It filed a supplemental motion to vacate the dismissal order and tendered a third amended complaint on November 7, 1984. The court denied the motion to vacate and subsequently entered a judgment of dismissal.

Plaintiff seeks relief under ORCP 71B, which provides that a court may relieve a party from an adverse judgment entered through "mistake, inadvertence, surprise, or excusable neglect." A ruling on a motion to vacate, however, is within the discretion of the trial court. *Becker v. Becker,* 271 Or 708, 533 P2d 1367 (1975); *St. Arnold v. Star Expansion Ind.,* 268 Or 640, 521 P2d 526, 522 P2d 477 (1974); *Gutzman and Gutzman,* 25 Or App 199, 548 P2d 993, *rev den* (1976). Plaintiff's argument appears to be that the long delays and the neglect in this case are excusable because of miscommunication between his Oregon and Washington counsels. A related contention is that, although the amended complaint was not filed within 10 days after the motion to make definite and certain was allowed, it was prepared and submitted to defendant's counsel before the case was dismissed and that that was sufficient compliance with the order to make the complaint definite and certain.

■  The motion for dismissal was made for failure to respond to a court order under ORCP 54B(1) and failure to prosecute under ORCP 54B(3). The judgment is sustainable on both grounds. The problems in the prosecution of this case began very early. The complaint was signed only by Pearson, who was not authorized to sign a complaint filed in an Oregon court. ORCP 17A.[1] He did not associate Oregon counsel until after the complaint was filed. The original complaint did not name the proper defendant, and that problem was only cured by amendment in response to the motel's motion for summary judgment. Plaintiff's Oregon counsel did not respond to defendant's request for discovery or information, because he was unable to get a response from plaintiff's Washington counsel, who was responsible for managing the litigation. There was no

---

[1] On appeal, defendant argues for the first time that the original complaint was void, because it was not properly signed under ORCP 17A. It argues that the first properly signed complaint was filed after the time limitation of ORS 12.110 and that the dismissal can be sustained on that basis. Defendant did not raise that issue below and, assuming that it has not waived that defense, *see* ORCP 21G(2), ORCP 17B requires a motion to strike a pleading that is not properly signed. We decline to address whether the action was timely commenced.

response to the motion to make definite and certain until September 19, when plaintiff sent a copy of a second amended complaint to defendant's counsel. That complaint, like the original complaint, was not properly signed in compliance with ORCP 17A. If the failure to respond to the court order and the delays were the result of miscommunication among counsel, plaintiff offers no explanation of why it is excusable under ORCP 71B. The court did not abuse its discretion in granting defendant's motion to dismiss.

■ Plaintiff also argues that, if the order of dismissal was proper, it was nevertheless an abuse of discretion to deny his motion to vacate it after he had filed an amended complaint. In essence, he contends that the problem occasioned by his failure to respond to the motion to make definite and certain was cured and he should have his day in court. The trial court was entitled to look at the history of this litigation and to conclude that the belated response did not demonstrate that plaintiff would efficiently manage and prosecute the case. Although a plaintiff is entitled to a reasonable opportunity to press his claim in court, a defendant is entitled to a speedy resolution of the question of liability. Defendant did not contribute to the delay, and plaintiff has not justified or excused it.

Affirmed.