Argued and submitted December 17, 1990, affirmed September 25, 1991

# Hormoz Hugh KILLAM,
*Respondent,*
*and*

# Peggy Lee HEALD,
*Appellant.*

(85-DR-969; CA A64930)

818 P2d 509

Douglas J. Richmond, Medford, argued the cause for appellant. With him on the brief was Kellington, Krack, Richmond & Blackhurst, Medford.

Richard K. Lane, Grants Pass, argued the cause for respondent. With him on the brief was Brown, Hughes, Bird & Lane, Grants Pass.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals from an order denying her motion for relief from an order modifying a custody judgment and changing custody of the minor child from mother to father. We affirm.

The parties were never married, but they have a daughter who is now 9 years old. Mother was awarded custody in 1986, subject to father's visitation rights. However, the parties continued to disagree over visitation and, in each of the years 1987 and 1988, father obtained orders directing mother to show cause why visitation should not be further specified. In March, 1989, father obtained an order directing the parties to a mediator to resolve visitation matters. All of those disputes were apparently resolved without judicial hearings. On October 23, 1989, the trial court entered another order for the parties to mediate, and mother was served at her Oregon residence, but she did not appear. Also on October 23, the trial court entered an order against mother to answer a contempt charge for disallowing court-ordered visitation. Again, she did not appear, and the court issued a warrant for her arrest. In the interim, mother and child moved to Washington, apparently without father's knowledge.

The day after mother failed to appear before the mediator, father filed a motion to modify the judgment to award custody to him. The court entered an order directing mother to appear on November 20, but she could not be located for service before the hearing date. Father reapplied for the same order and served his motion, affidavit and proposed show cause order on mother's attorney of record on December 7. The court entered the order on December 14, setting the hearing date for January 22, 1990. That order was served on mother's attorney on December 14 and was personally served on mother on January 12. Pursuant to the request of mother's attorney on January 22, the court entered an order allowing him to withdraw.

Mother failed to appear on January 22. After a hearing on the merits, the court found a substantial change of circumstances and awarded custody to father. Mother did not

appeal that custody modification order.[1] Instead, on February 22, she filed a motion to vacate the order. ORCP 71. The trial court denied her motion, and she appeals from that denial.

■ Mother argues, first, that the trial court erred in denying her motion to vacate the custody modification order, because the order was void. *See Waybrant v. Bernstein,* 294 Or 650, 661 P2d 931 (1983). She contends that the court lacked jurisdiction over the custody modification proceeding under the Uniform Child Custody Jurisdiction Act (UCCJA). ORS 109.700 to ORS 109.930. ORS 109.730 provides that an Oregon court has jurisdiction if it is the "home state" of the child at, or within six months before, commencement of the custody proceeding or if it is in the best interests of the child that the court assume jurisdiction because the child has a "significant connection" with this state. The primary purpose of the UCCJA is to "provide that child custody determinations will be made in the state where there is optimum access to evidence." *Grubs v. Ross,* 291 Or 263, 270, 630 P2d 353 (1981); *see also* ORS 109.720(1). However, we need not resort to the UCCJA to determine jurisdiction unless there is actual or potential jurisdictional competition between two states. *See Grubs v. Ross, supra,* 291 Or at 266-68.

■ According to mother, the UCCJA deprives the Oregon courts of jurisdiction simply because mother and child lived outside of Oregon at the time of service of the show cause order and father failed to establish jurisdiction in Oregon as required by ORS 109.790.[2] However, except for the four months between the time that mother moved to Washington and the date of the hearing, the parties have lived in Oregon continuously and all custody matters have been filed and heard in Oregon courts. Under ORS 107.135(8), once a court has acquired jurisdiction over a party in a domestic

---

[1] Because mother failed to appeal the order modifying the award of custody to father, her challenges to that order in the present appeal are not properly before us.

[2] ORS 109.790 provides, in part:

"(1) Every party in a custody proceeding [under the UCCJA] in the first pleading of the party or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during the period."

relations matter, it "retain[s] such jurisdiction regardless of change of domicile." The Oregon courts acquired jurisdiction over the parties in the initial custody proceeding. Because the child had been in Washington for only four months and has no significant connections with that state, ORS 109.730, Oregon has *continuing* jurisdiction. Accordingly, the UCCJA did not deprive the Oregon trial court of jurisdiction. Therefore, mother's additional arguments based on the UCCJA are without merit.

We turn now to mother's contention that the trial court abused its discretion in denying her motion to vacate the custody modification order, because that order was entered as a result of her "mistake, inadvertence, surprise, or excusable neglect." ORCP 71B(1)(a).[3] A ruling on a motion to vacate is within the discretion of the trial court. *Bruner v. Cascade Western Corp.,* 88 Or App 501, 504, 746 P2d 231 (1987), *rev den* 305 Or 103 (1988). Mother contends that her failure to appear was "excusable neglect," because she was not personally served with notice of the order to show cause until 10 days before the hearing. Under ORS 107.135(1), on the motion of either party, the court may modify a custody order "after service of notice on the other party *in the manner* provided by law for service of a summons." (Emphasis supplied.) Mother assumes that that would include the requirement of ORCP 7C(2) that the party have 30 days from the date of service to appear and defend and contends that service here did not give her adequate time, because she had only 10 days' notice of the hearing. However, ORS 107.135(1) speaks only about the *manner,* not the time, of service. Mother was served personally, in the manner provided by ORCP 7D(2)(a).

In the absence of a specific time requirement, we look to whether the service provided her with a reasonable time to appear and defend. *See Scarth v. Scarth,* 211 Or 121, 133, 315 P2d 141 (1957). She does not argue that it did not. The trial

---

[3] ORCP 71(B)(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment."

court properly exercised its discretion to deny her motion for relief from the order changing custody.

Affirmed. Costs to father.