Argued and submitted November 7, supplemental judgment for attorney fees
vacated and remanded December 28, 2005

In the Matter of the Marriage of

Annette Teres BRADACH,
*Appellant,*

*and*

Matthew Joseph BRADACH,
*Respondent.*

C00-0984DR; A127110

124 P3d 1288

Deanna Ballou Jensen argued the cause for appellant. With her on the brief was Mason & Associates.

Ruth E. Pekelder waived appearance for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Wife appeals a supplemental judgment awarding attorney fees following the entry of a separate supplemental judgment disposing of the parties' motions to modify the original judgment of dissolution. The sole issue on appeal is whether the trial court erred in failing to hold a hearing on wife's objections to husband's petition for an award of attorney fees. We agree with wife that the trial court erred and therefore vacate and remand.

The relevant facts are not in dispute. The original dissolution judgment was entered in 2001. In 2003, husband filed a motion to modify the judgment. Wife filed a response and counterclaim for modification. The trial court held a hearing and disposed of the motions; the particulars are not pertinent to the issues in this appeal except that, to some extent, each party prevailed. The supplemental judgment provided that "[e]ach party may submit a petition for an award of attorney fees pursuant to Oregon Rule of Civil Procedure 68."

Husband filed a petition for an award of attorney fees. Wife filed written objections. She challenged husband's entitlement to fees on the ground that both parties prevailed in some measure on the motions to modify the dissolution judgment and on the ground that, given the relative financial positions of the parties, an award of attorney fees would be inequitable. *See Haguewood and Haguewood,* 292 Or 197, 212-13, 638 P2d 1135 (1981) (in dissolution cases, courts may take into consideration relative financial position of parties in determining whether to award attorney fees). The trial court granted husband's petition without a hearing and awarded $17,000 in attorney fees.

On appeal, wife argues that the trial court erred in granting husband's petition without holding a hearing as required in ORCP 68 C(4)(c)(i). Husband has not appeared on appeal. Wife is correct. *See, e.g., Hurd v. Holder,* 198 Or App 282, 283, 108 P3d 87, *rev den,* 339 Or 66 (2005) (where party challenged entitlement to attorney fees, court erred in awarding fees without holding a hearing pursuant to ORCP 68 C).

Supplemental judgment for attorney fees vacated and remanded.