Argued and submitted November 1, 2007, reversed and remanded March 5, 2008

## Heather Jolene McINTYRE,
*Petitioner-Appellant,*

*v.*

## John William FEEMAN, Jr.,
*Respondent-Respondent.*

## Multnomah County Circuit Court
050160162; A133079

179 P3d 723

Robert Brown argued the cause and filed the briefs for appellant.

Kimberly S. Brown argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

EDMONDS, P. J.

Wollheim, J., dissenting.

**EDMONDS, P. J.**

Mother appeals from a supplemental judgment awarding father costs and disbursements in this proceeding under ORS 109.103 to determine child custody, parenting time, and child support. We reverse.

The relevant facts are procedural. The general judgment in this case was entered on May 2, 2006. Father filed a timely request for attorney fees and costs. On May 26, 2006, mother's attorney filed objections to father's request for attorney fees and requested a hearing. The objections were mailed to father's attorney by first-class mail on that same day or the following day.[1] Without holding a hearing, the trial court issued a letter opinion that awarded father attorney fees and directed father's attorney to prepare the supplemental judgment. Mother appeals that supplemental judgment and makes four assignments of error.

In her first assignment of error, mother argues that the trial court erred when it failed to hold a hearing pursuant to her objections. ORCP 68 C(4)(c)(i) provides that, "[i]f objections are filed in accordance with paragraph C(4)(b) of this rule, the court, without a jury, shall hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections." In response to mother's first assignment, father initially argues that the claim of error was not properly preserved under ORAP 5.45 because mother did not object to the entry of the supplemental judgment after the trial court issued its letter opinion. Alternatively, father argues that mother's objections were not timely filed. It follows, in father's view, that the trial court was not required to hold a hearing on mother's objections even though a hearing on objections to a request for attorney fees is contemplated by ORCP 68 C(4)(c)(i).

ORAP 5.45(1) provides, in part, that "[n]o matter claimed as error will be considered on appeal unless the

---

[1] The "certificate of mailing" that mother filed with the court states that the objections were served by mail on May 26, 2006. That document, as discussed below, is unsigned. On appeal, father contends that the objections were not actually mailed until May 27, 2006. For the reasons expressed later in this opinion, the objections were timely served and filed whether they were mailed on either date.

claimed error was preserved in the lower court[.]" In order to properly preserve a claim of error in the trial court under the rule, an appellant "must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the trial court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In this case, mother's objections filed with the court cited ORCP 68 C and expressly requested a hearing. We conclude that, for purposes of ORAP 5.45(1), no further action was required by mother to put the trial court on notice that she had requested a hearing under ORCP 68 C(4)(c) on her objections to father's request for attorney fees.

■ Next, father argues that mother's objections were not timely filed or served and that the trial court was therefore not required to hold a hearing on her objections. ORCP 68 C(4)(b) provides, in part, that objections to a request for attorney fees under ORCP 68 "shall be served within 14 days after service on the objecting party of a copy of the statement." Father's statement of attorney fees and costs was filed on May 11, 2006, and was served by mail on mother's attorney on that date. According to father, "[o]bjections were due to be filed with the Circuit Court no later than May 25, 2006"— that is, 14 days after he served the attorney fee statement. Father's argument does not account for ORCP 10 C, which provides that,

> "whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

Because father's attorney fee statement was served by mail, it follows that mother had until May 28 to effectuate service of her objections on father and that her filing and service before that date—whether on May 26 or May 27—was timely. We conclude for the above reasons that the trial court erred when it did not hold a hearing on mother's objections as required by ORCP 68 C(4)(c)(i). *Bradach and Bradach*, 203 Or App 477, 479, 124 P3d 1288 (2005).

Nonetheless, the dissent argues that mother's service on father was not "perfected" because mother's attorney failed to sign the certificate of mailing for the objections that were filed with the court. From that premise, the dissent reasons that mother's objections were not before the trial court, and it therefore was not required to hold a hearing before awarding attorney fees to father. Initially, we observe that father does not raise that argument as a response to mother's assignment of error and made no such argument in the trial court. Nor is there any indication that the trial court ever considered that issue; the court's letter ruling certainly does not suggest that it relied on the lack of a signature on the certificate of service as the basis for its ruling.[2] Moreover, under ORCP 17 B, "[i]f a pleading, motion or other paper is not signed, it shall be stricken *unless it is signed properly after the omission is called to the attention of the pleader or movant.*" (Emphasis added.) The certificate of mailing attached to mother's objection is an "other paper" within the meaning of ORCP 17 B, and the lack of a signature on that document easily could have been remedied if brought to mother's attention. Through ORCP 17 B, the legislature has expressed its intention that the failure to sign a certificate of mailing does not

---

[2] According to the dissent, father raised "the issue of the certificate of service in father's brief in response to mother's assignment of error, and mother responded to father's arguments in her reply brief. This issue was also discussed at oral argument." 218 Or App at 329 (Wollheim, J., dissenting). Whether objections are *filed* timely within 14 days after service of the request for attorney fees is a discrete issue from whether the certificate of the mailing of objections was signed or unsigned because the issues implicate different legal requirements. Father's reference to the certificate of mailing not being signed in his statement of facts in his brief is made in the context of the following sentence:

"Service of Mother's objections upon Father's attorney was not [made] until May 27, 2006. * * * The proof of service received by Father's attorney is a different proof of service than that which was filed with the trial court on May 26, 2006, *which proof was not signed* and indicated a different date of mailing of May 26, 2006."

(Emphasis added.) In the summary of arguments section in father's brief, he responds to mother's first assignment of error only by arguing that "[t]he trial court did not err when it did not hold a hearing on Father's ORCP 68 Statement of Attorney Fees and Costs, *as Mother's objections were not timely filed.*" (Emphasis added.) Moreover, father does not mention the fact that the certificate of service was unsigned anywhere in his argument in response to mother's first assignment. In other words, the dissent gives father the benefit of an argument that he did not make on appeal by taking his references to the unsigned certificate out of the context of father's argument that mother did not file timely objections to his request for attorney fees.

invalidate the filing or service of the objections unless the failure is called to the attention of the movant and the movant then fails to sign the certificate. *See, e.g., Bruner v. Cascade Western Corp.*, 88 Or App 501, 504 n 1, 746 P2d 231 (1987), *rev den*, 305 Or 103 (1988) (observing that ORCP 17 B appears to require a formal motion to strike a pleading that is not properly signed before the lack of a signature is raised on appeal).

The dissent disagrees with our interpretation of ORCP 17 B. According to the dissent, "the language in ORCP 17 B does not expressly provide that an attorney must notify the opposing party of its failure to sign the certificate," and "[t]he majority reads into ORCP 17 B an affirmative duty that is not expressed in the text of the statute." 218 Or App at 330 (Wollheim, J., dissenting). The dissent also asserts that "[i]t was mother's obligation to establish that she properly served her objections on father, and an unsigned certificate of service does not establish that mother properly served her objections on father." 218 Or App at 330 (Wollheim, J., dissenting). The above proposition, while correct in the abstract when preceded by an objection on that basis, fails to confront a threshold fact in this case: From the record before us, there is no indication that father ever raised, either in the trial court or in this court, the issue regarding the unsigned certificate as a basis for negating the trial court's duty to hold a hearing on mother's objections. Moreover, the dissent does not explain what other interpretation the legislature could have contemplated than that reached by this opinion when it expressly provided in ORCP 17 B that an unsigned pleading, motion, or other paper could be signed after the fact, once the omission is called to the attention of the pleader or movant.

Consequently, we disagree with the dissent's reasoning that mother's objections were not properly before the trial court. In the absence of any objection by father that the certificate of mailing was not signed or any indication that the trial court otherwise relied on the lack of a signature on the certificate of service, we will not affirm the supplemental judgment on that basis. In other words, the trial court had an obligation under ORCP 68 C(4)(c)(i) to hold a hearing once mother's objection was timely filed and father raised no issue regarding the unsigned certificate. It follows that the trial

court erred in failing to hold that hearing and that this matter must be remanded so that mother can receive the hearing to which she is entitled.

As a result of our decision regarding mother's first assignment of error, we need not reach her other assignments, except to alert the parties to another issue that is pending in the trial court. In her fourth assignment of error, mother argues that the trial court erred in denying her own request for an award of attorney fees. Neither the trial court's letter opinion nor the supplemental judgment reflects a ruling on mother's request for attorney fees. As a result, insofar as the record before us appears, mother's request remains pending before the trial court, and there is no ruling for us to review on appeal. On remand, the trial court should rule on mother's request, if it has not already done so, and then formalize that ruling in a supplemental judgment.

Reversed and remanded.

**WOLLHEIM, J.,** concurring in part and dissenting in part.

I dissent from the majority's holding that mother's objections to father's ORCP 68 petition for attorney fees are properly before this court. Because the trial court record does not establish when, if ever, mother served her objections on father, I would not consider mother's objections and would affirm the trial court's judgment awarding attorney fees to father. However, I concur with the majority that mother's request for attorney fees remains pending before the trial court and, therefore, it is not necessary to reach mother's other assignments of error. 218 Or App at 327.

As the majority correctly notes, the facts are procedural. After a general judgment was entered, father, on May 11, 2006, timely filed and served his ORCP 68 request for attorney fees. On May 26, 2006, mother filed her objections to father's request for attorney fees and requested a hearing. The certificate of mailing attached to mother's objections stated that the objections were mailed to father's attorney by first-class mail on May 26, 2006. However, that *certificate of mailing was not signed.* There is no signed document

in the record establishing that mother ever served a copy of her objections to father's ORCP 68 request for attorney fees.

Without holding a hearing, the trial court issued a letter opinion, awarding father attorney fees and directing father's attorney to draft the supplemental judgment. The supplemental judgment awarding father attorney fees was entered. Mother filed her notice of appeal within 30 days after entry of that supplemental judgment.

Mother argues that the trial court erred in awarding attorney fees to father. Mother asserts that her objections to father's ORCP 68 request for attorney fees were timely and proper. In addition, mother argues that ORCP 68 C(4)(c)(i), as interpreted in *Bradach and Bradach*, 203 Or App 477, 124 P3d 1288 (2005), *required* the trial court to hold a hearing to consider mother's objections to father's ORCP 68 request for attorney fees before awarding father attorney fees. ORCP 68 C(4)(c)(i) provides, in part:

> "If objections are filed in accordance with paragraph C(4)(b) * * *, the court * * * shall hear and determine all issues of law and fact raised by the statement of attorney fees * * * and by the objections."

Mother is correct that ORCP 68 C(4)(c)(i) requires the court to hold a hearing *if* a party timely files and *properly serves* an objection under ORCP 68 C(4)(b).

The problem with mother's argument is that there is no evidence in this record that mother perfected her objections by mailing a copy to father. Furthermore, our review is limited to the record before us. The trial court record does not establish that mother *ever served* father with a copy of her objections because mother's attorney *did not sign* the certificate of mailing that she filed with the trial court. The *only* certificate of mailing of mother's ORCP 68 objections in this record is *unsigned*.

The majority does not consider father's argument regarding the unsigned certificate of mailing because, according to the majority, father did not raise this argument in response to mother's assignment of error. 218 Or App at 324-25. I disagree. Father did discuss mother's failure to sign the certificate of mailing in his brief and at oral argument. In his

statement of facts in his brief, father stated that "[t]he proof of service * * * which was filed with the trial court on May 26, 2006, which proof [of service] was not signed." In responding in his brief to mother's assignment of error, father stated that there were problems with mother's certificate of mailing. Finally, in his conclusion, father stated that mother "misled the court in [her] certificate of service filed in the court records." In her reply brief, mother responded to father's argument that her objections were not properly served. In both her summary of argument and statement of facts, mother stated that she "served" her objections. Mother concluded her argument by again stating that she served her objections well within the deadline. Thus, contrary to the majority's assertion, father did raise the issue of the certificate of service in father's brief in response to mother's assignment of error, and mother responded to father's arguments in her reply brief. This issue was also discussed at oral argument. At oral argument, mother's attorney stated that he did not know whether he filed a signed or unsigned certificate of mailing because he had no idea what was in the trial court record.

The majority also states that there is no "indication that the trial court ever considered" mother's failure to sign the certificate of mailing. 218 Or App at 325. The majority's statement is correct, but the majority's statement does not resolve this issue. As noted, the trial court did not hold a hearing on attorney fees. If mother's objections to father's ORCP 68 request for attorney fees were not properly before the trial court, the trial court was not required to hold a hearing. It is not proper to fault father for not raising an argument at a hearing when there was no hearing.

The majority opinion relies on ORCP 17 B to support its argument that it is father's obligation to notify mother and, by implication, the court, of mother's failure to sign the certificate of mailing that her attorney filed with the court. 218 Or App at 325. In addition, the majority relies on a footnote in *Bruner v. Cascade Western Corp.,* 88 Or App 501, 504 n 1, 746 P2d 231 (1987), *rev den,* 305 Or 103 (1988). 218 Or App at 325-26.

The starting point for a discussion regarding the service and filing of documents is ORCP 9. ORCP 9 governs the service and filing of pleadings and other papers. ORCP 9 A requires that every written request "shall be served upon each of the parties." Mother's objection to father's ORCP 68 request for attorney fees had to be served on father. Under ORCP 9 B, service by mail is permissible. However, mother had to perfect her objections; that is, mother had to file a separate document establishing that her objections were served; "proof of service may be made upon the papers served or as a separate document attached to the papers." ORCP 9 C. One permissible method for proving service on the opposing party is a certificate signed by an attorney, certifying that service was made. ORCP 9 C. It was mother's obligation to establish that she properly served her objections on father, and an unsigned certificate of service does not establish that mother properly served her objections on father. Thus, there were no perfected objections for the trial court to review and, as a consequence, the trial court did not err when it did not hold a hearing.

I then turn to ORCP 17. ORCP 17 A requires that mother's attorney "shall" sign "[e]very pleading, motion and other paper." Mother's certificate of mailing was not signed. ORCP 17 B provides:

> "If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant."

The majority cites ORCP 17 B for the implicit proposition that father had the duty to notify mother of her failure to comply with ORCP 9 C and ORCP 17 A:

> "[T]he failure to sign a certificate of mailing does not invalidate the filing or service of the objections unless the failure is called to the attention of the movant and the movant then fails to sign the certificate."

218 Or App at 325-26. The problem with the majority's reasoning is that the language in ORCP 17 B does not expressly provide that an attorney must notify the opposing party of its failure to sign the certificate. The majority reads into ORCP

17 B an affirmative duty that is not expressed in the text of the statute. *See* ORS 174.010.

As previously noted, the majority relies on *Bruner* to support its position that, unless mother is informed of her failure to comply with the rules of civil procedure, her failure to so comply has no consequence. However, the issue in *Bruner* was whether the trial court abused its discretion in dismissing a complaint for failure to respond to a court order under ORCP 54 B(1) and for failure to prosecute the claim under ORCP 54 B(3). We held that the trial court did not abuse its discretion and affirmed. 88 Or App at 504. In a footnote, we responded to the defendant's argument regarding an out-of-state attorney signing the complaint:

> "On appeal, defendant argues for the first time that the original complaint was void, because it was not properly signed under ORCP 17A. It argues that the first properly signed complaint was filed after the time limitation of ORS 12.110 and that the dismissal can be sustained on that basis. Defendant did not raise that issue below and, assuming that it has not waived that defense, *see* ORCP 21G(2), *ORCP 17B requires a motion to strike a pleading that is not properly signed.* We decline to address whether the action was timely commenced."

*Id.* at 504 n 1 (emphasis added). That footnote is the majority's sole support for its position that "ORCP 17 B appears to require a formal motion to strike a pleading that is not properly signed before the lack of a signature is raised on appeal." 218 Or App at 326.

The majority places too much reliance on this footnote for several reasons. *Bruner* is inapposite to the facts and issues of this case. First, the issue in *Bruner* was whether the trial court abused its discretion in dismissing a complaint, whereas, here, the issue is whether mother perfected her objections to father's ORCP 68 statement of attorney fees. Second, we did not decide *Bruner* on the basis of ORCP 17 B. Third, the discussion of what ORCP 17 B requires is *dictum*.[1] Fourth, it does not appear that ORCP 17 B has been cited, let

---

[1] In addition, the entire discussion is contained in a footnote, and a footnote is just that: a footnote. *Sedgwick Claims Management Services v. Jones,* 214 Or App 446, 454, 166 P3d 547 (2007).

alone relied on, in any other case before or after *Bruner*. In addition, *Bruner* has not previously been cited regarding its discussion of either ORCP 17 A or ORCP 17 B.

It was mother's obligation to perfect her objections to father's ORCP 68 request for attorney fees. Mother could have perfected her objections by (1) timely filing her objections (which she did) *and* (2) proving that she served a copy of her objections by signing a certificate of mailing (which she did not do). The clerk's office of any trial court is too busy to review every document filed to make certain that the attorney signed every document that the attorney is required to sign. It is not father's attorney's obligation to review the original of every document that mother's attorney filed with the trial court to ascertain that mother's attorney properly signed every document. Nothing in ORCP 17 B expressly places that obligation on father's attorney; in other words, ORCP 17 B does not expressly require that father's attorney must call attention to mother's failure to sign the document. To place such a requirement on father's attorney is to turn the representation of parties on its head.

I dissent.