Argued and submitted April 25; on respondent's motion to dismiss filed April 9 and petitioner's response filed April 11, respondent's motion to dismiss, granted; appeal dismissed November 13, 2014, petition for review denied March 26, 2015

(357 Or 112)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVE JAMES TAYLOR,
aka Steven James Taylor,
*Defendant-Appellant.*

Washington County Circuit Court
D091262T; A152039

340 P3d 68

Elizabeth Daily, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals from a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010. He assigns error to the trial court's imposition of a "DUII conviction fee." Defendant argues that, because the fee that the court imposed was greater than that authorized by statute when defendant committed the crime, the fee violated the *ex post facto* clauses of the Oregon and United States constitutions. The plaintiff moves to dismiss the appeal on the ground that we lack jurisdiction over defendant's claim under ORS 138.050. We agree and, therefore, dismiss defendant's appeal without reaching its merits.

The facts are procedural. In 2009, a jury convicted defendant of DUII. Defendant appealed that conviction, and we reversed and remanded his case to the trial court. *State v. Taylor*, 247 Or App 339, 268 P3d 795 (2011). On remand, defendant pleaded guilty, and on June 22, 2012, the court entered a judgment of conviction. Because defendant had already completed the requirements of his original sentence, the trial court imposed a sentence of discharge. But, before releasing defendant of any further obligations upon conviction, the court noted a change in the law. The court observed that, since defendant's original conviction, the legislature had increased the "DUII conviction fee" set by ORS 813.030 from $130 to $255. The court also observed that the amended statute required courts to impose the increased fee regardless of when the offense occurred, so long as the court convicted the defendant after the effective date, which had already passed.[1] Defendant argued that the court must impose a fee of $130, the amount required in 2009 when defendant committed the crime and was originally convicted, to avoid violating the *ex post facto* clauses of the Oregon and United States constitutions. The trial court disagreed with defendant and imposed the higher fee.

On appeal, defendant renews his argument. As noted, the state responds that we must dismiss this case

---

[1] "The amendments to ORS 813.030 by [relevant sections] of this 2012 Act apply only to offenses for which a judgment of conviction is entered on or after April 1, 2012." Or Laws 2012, ch 81, § 6(3).

because we lack jurisdiction under ORS 138.050(1). We agree with the state and, accordingly, dismiss this appeal.

We begin by noting a fundamental principle of appellate jurisdiction: "A party does not have an inherent right to appellate court review; the right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision." *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983). Apropos of defendant's claim here, we recently observed that, "[w]hen the appeal is from a judgment based on a plea to a misdemeanor, jurisdiction lies, if at all, under ORS 138.050(1) and the scope of issues that this court may review is also governed by that statute." *State v. Davis*, 265 Or App 425, 432, 335 P3d 322 (2014).

ORS 138.050(1) provides:

"Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

In turn, ORS 138.053(1) provides, in part:

"A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a) Imposition of a sentence on conviction."

Defendant contends that we have jurisdiction over this case because his claim fits within the confines of ORS 138.050(1)(a).[2] To support that contention, he argues that the $255 fee, which the court imposed under ORS 813.030 (2012), "[e]xceeds the maximum allowable by law" because that fee is greater than the fee authorized by the statute that

---

[2] We note that the trial court's determination to discharge defendant on remand is the imposition of a sentence. *See* ORS 137.010(7). Consequently, defendant's judgment of conviction meets the requirements of a disposition under ORS 138.053.

the trial court should have applied—that is, ORS 813.030 (2009). But, in light of the Oregon Supreme Court's recent interpretation of ORS 138.050(1) in *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011), we reject defendant's argument.

In *Cloutier*, the defendant was convicted after a plea of no contest and challenged the trial court's imposition of a fine in an amount greater than the statutory minimum but less than the statutory maximum. *Id.* at 70-71. The defendant argued that the fine violated his right to due process guaranteed by the federal constitution because the trial court imposed an additional $100 as a consequence of defendant having pleaded no contest. *Id.* The state responded that, under ORS 138.050(1), Oregon appellate courts did not have jurisdiction of the defendant's appeal. *Id.* at 71.

Arguing that Oregon appellate courts did have jurisdiction, the defendant relied on a broad reading of ORS 138.050(1)(a), the same provision on which defendant relies in this case. Specifically, the defendant in *Cloutier* argued that the meaning of the word "law" as used in the phrase "[e]xceeds the maximum allowable by law" was broad enough to include constitutional protections such as the right to due process. *Id.* at 96. After a thorough review of the text, context, and legislative history of ORS 138.050(1), the court rejected defendant's reading of the statute, concluding that

> "the reference to a disposition that '[e]xceeds the maximum allowable by law' in ORS 138.050(1)(a) does not refer to a sentence that was imposed by means of procedures that violate the Due Process Clause of the federal constitution. To the contrary, it refers to a disposition that exceeds a maximum expressed by means of legislation, not the state or federal constitution."

*Id.* at 104 (brackets in *Cloutier*).

In reaching that conclusion, the court noted that the defendant's interpretation of ORS 138.050(1)(a) was inconsistent with the text of that statute because such a broad reading is awkward and creates a redundancy. *Id.* at 95-97. Such a reading is awkward because it requires a reader to conceptualize constitutional protections, such as the right to due process, in quantitative terms. *Id.* at 95.

And such a reading creates a redundancy because, if ORS 138.050(1)(a) applies to all constitutional "excesses," then ORS 138.050(1)(b), which contemplates "unconstitutionally cruel and unusual" dispositions, is unnecessary. *Id.* at 96-97. Moreover, the court noted that the legislature has consistently used "maximum" to mean "the upper limit of a term of incarceration or amount of a fine established by statute." *Id.* at 98. The defendant's reading would require the court to accept that the legislature intended "maximum" to mean something different in ORS 138.050(1)(a). *Id.* Additionally, the defendant's broad reading would have rendered portions of ORS 138.053 meaningless and contradicted other precedent. *Id.*

Moreover, in *Cloutier*, the court noted that the current narrow scope of ORS 138.050(1) has a pragmatic origin. *Id.* at 84. Specifically, the legislature adopted an amendment in 1985 that narrowed the scope of ORS 138.050(1), in response to our request that it do so, because this court "found itself awash in appeals involving defendants who had pleaded guilty or no contest[.]" *Id.*

Thus, as interpreted in *Cloutier*, neither ORS 138.050(1)(a) nor ORS 138.050(1)(b) allows this court to review constitutional challenges to a disposition in a judgment of conviction for a misdemeanor that follows a defendant's guilty or no contest plea, except for a challenge that the disposition is cruel and unusual. Constitutional claims that fall outside of the scope of ORS 138.050(1) "must be left to possible post-conviction relief." *Id.* at 104.

But, defendant argues, his is not a constitutional claim. Instead, it is a claim that the fee "[e]xceeds the maximum allowable by law" under ORS 138.050(1)(a). He argues that the $255 fee "[e]xceeds the maximum allowable by law" because the trial court arrived at that sum by applying the wrong statute—that is, ORS 813.030 (2012). But, ORS 813.030 (2012) applies to all convictions entered after April 1, 2012, and the court entered a judgment of conviction on June 22, 2012. The only way for defendant to support his conclusion that ORS 813.030 (2012) was the wrong statute would be to establish that ORS 813.030 (2012) is an *ex post facto* law. Thus, defendant's argument turns in on itself: In

order to show that he is not making a constitutional claim, he must make a constitutional argument.

In the end, defendant's argument fails for the same reason that the defendant's argument failed in *Cloutier*. ORS 138.050(1)(a) does not encompass claims brought under the Oregon or United States constitutions, and ORS 138.050(1)(b) only encompasses the constitutional claim that a disposition is cruel and unusual. Because defendant's claim ultimately requires the application of a constitutional provision other than the protection against cruel and unusual punishment, it falls outside the scope of ORS 138.050(1).

In sum, "[a]n appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision." *Waybrant*, 294 Or at 653. Because defendant's claim is not encompassed by ORS 138.050(1), he cannot establish that his claim is appealable under any statutory provision. As a result, we do not have jurisdiction over defendant's appeal. As with other similar constitutional claims not encompassed within ORS 138.050(1), defendant's *ex post facto* claim "must be left to possible post-conviction relief." *Cloutier*, 351 Or at 104.

Respondent's motion to dismiss, granted; appeal dismissed.