Submitted June 23, motion to dismiss granted; appeal dismissed
December 31, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEBRA ANNETTA BUCKLES,
*Defendant-Appellant.*

Coos County Circuit Court
12CR0900; A152647

342 P3d 116

Peter Gartlan, Chief Defender, and Jonah Morningstar, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this criminal case, defendant appeals a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, assigning error to the trial court's imposition of a lifetime suspension of her driving privileges. Defendant argues that the permanent suspension of her driving privileges violates her substantive due process right to travel under the United States Constitution. The state argues that we must dismiss defendant's appeal because her claim is not appealable under ORS 138.050. As explained below, we agree with the state that we lack jurisdiction over defendant's challenge to her sentence and, accordingly, we dismiss her appeal.

The facts are mainly procedural and are undisputed. Defendant pleaded guilty to, and was convicted of misdemeanor DUII. Defendant had two prior DUII convictions in 1985. Because defendant had a total of three DUII convictions, the court was required under ORS 813.400(2)[1] and ORS 809.235(1)(b),[2] to impose a lifetime suspension of defendant's driving privileges. Defendant objected, arguing that a lifetime suspension of driving privileges based on the two, older DUII convictions violated her substantive due process rights. The court overruled the objection and imposed the suspension of defendant's license. Thereafter, defendant filed this appeal challenging the constitutionality of the lifetime suspension.

The state moved to dismiss defendant's appeal on the ground that her constitutional claim was not appealable

---

[1] ORS 813.400(2) provides:

"A person convicted of felony driving while under the influence of intoxicants, or a person convicted of misdemeanor driving while under the influence of intoxicants for a third or subsequent time, is subject to revocation of driving privileges as provided in ORS 809.235."

[2] ORS 809.235(1)(b) provides:

"The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants in violation of ORS 813.010 or if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

"(i) ORS 813.010; or

"(ii) The statutory counterpart to ORS 813.010 in another jurisdiction."

under ORS 138.050 given the Oregon Supreme Court's interpretation of that statute in *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011). The Appellate Commissioner agreed with the state and ordered dismissal of the appeal. Defendant then petitioned for reconsideration, arguing that *Cloutier* did not address whether a defendant who has pleaded guilty to a misdemeanor may appeal a sentence under ORS 138.050(1) (a) on the ground that the statute under which the defendant was sentenced was unconstitutional on substantive due process grounds. On reconsideration, the Appellate Commissioner vacated the order of dismissal and referred the issue to the panel considering defendant's appeal on the merits. The state's motion to dismiss the appeal is now before us.

Criminal defendants do not have an inherent right to appellate court review. Rather, "the right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision." *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983). As in this case, "[w]hen the appeal is from a judgment based on a plea to a misdemeanor, jurisdiction lies, if at all, under ORS 138.050(1)." *State v. Davis*, 265 Or App 425, 432, 335 P3d 332 (2014).

Under ORS 138.050(1),

> "except as otherwise provided in ORS 135.335, [concerning conditional pleas,] a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

> "(a)   Exceeds the maximum allowable by law; or

> "(b)   Is unconstitutionally cruel and unusual."

Here, defendant argues that her claim is appealable under subsection (1)(a), because she has made a colorable showing that the lifetime suspension of her driving privileges "[e]xeeds the maximum allowable by law" on the ground that it violates her substantive due process right to travel under the federal constitution. In essence, defendant's argument is that the statute that required the court to impose the lifetime suspension is unconstitutional and

invalid, and, therefore, her sentence "[e]xceeds the maximum allowable by law." She argues that the Supreme Court's decision in *Cloutier* is distinguishable because, there, the defendant contested the constitutionality of the *procedures* used to impose the sentence, and, here, defendant contests the constitutionality of the underlying legislation itself.

The state replies that *Cloutier* is dispositive. In that case, the Supreme Court determined that appealability under ORS 138.050(1)(a) is limited to challenges to "a disposition that exceeds a maximum expressed by means of legislation, not the state or federal constitution." 351 Or at 104. According to the state, defendant's contention that her substantive challenge to the constitutionality of the underlying law is distinct from the procedural challenge in *Cloutier* is unavailing given the court's conclusion that challenges under subsection (1)(a) must be based on statutory, rather than constitutional, limits. We agree.

In our recent opinion in *State v. Taylor*, 266 Or App 813, 340 P3d 68 (2014), we examined and, in light of *Cloutier*, rejected the appealability of a similar constitutional challenge under ORS 138.050(1)(a). In *Taylor*, a jury in 2009 had found the defendant guilty of misdemeanor DUII. After a successful appeal, *see State v. Taylor*, 247 Or App 339, 268 P3d 795 (2011), the defendant on remand pleaded guilty to the charge, and the court entered a judgment of conviction in 2012. By that time, the legislature had increased the DUII conviction fee in ORS 813.030 and required courts to impose the higher fee regardless of when the offense occurred so long as the judgment of conviction was entered after the effective date of the amendment. *Taylor*, 266 Or App at 814. Accordingly, the trial court imposed the higher fee over the defendant's objection that doing so violated the *ex post facto* clauses of the Oregon and federal constitutions. *Id.*

On appeal, the defendant argued that his claim was appealable because his challenge to the DUII conviction fee fit within ORS 138.050(1)(a). The defendant contended that the fee imposed by the court "[e]xceed[ed] the maximum allowable by law" because the fee was greater than that authorized by the statute that the court should have applied, *i.e.*, the 2009 statute. *Taylor*, 266 Or App at 815-16.

We noted that, contrary to the defendant's argument that he was not making a constitutional claim regarding his sentence, to support his conclusion that the fee imposed exceeded the maximum allowed by law, the defendant had to have been making a constitutional argument, namely, that the 2012 statute was an unconstitutional *ex post facto* law that the trial court could not apply. *Id.* at 816-17. We concluded that the defendant's jurisdictional argument failed because, in *Cloutier*, the Supreme Court determined that ORS 138.050(1)(a) "does not encompass claims brought under the Oregon or United States constitutions, and ORS 138.050(1)(b) only encompasses the constitutional claim that a disposition is cruel and unusual." *Taylor*, 266 Or App at 818. Because the defendant's claim required the application of a constitutional provision other than the protection against cruel and unusual punishment, it fell outside the scope of ORS 138.050(1). *Id.*

In this case, defendant does not contend that we have jurisdiction over her appeal because the sentence is unconstitutionally cruel and unusual under ORS 138.050(1)(b). Nor does she argue that the trial court violated the *statute* governing the suspension and revocation of driving privileges. Rather, defendant's only claim on appeal is that the statute that permitted the court to order the permanent suspension of her driving privileges is unconstitutional under the Due Process Clause of the United States Constitution. As we explained in *Taylor*, however, we do not have jurisdiction under ORS 138.050(1)(a) to review such a claim:

> "[A]s interpreted in *Cloutier*, neither ORS 138.050(1)(a) nor ORS 138.050(1)(b) allows this court to review constitutional challenges to a disposition in a judgment of conviction for a misdemeanor that follows a defendant's guilty or no contest plea, except for a challenge that the disposition is cruel and unusual. Constitutional claims that fall outside of the scope of ORS 138.050(1) 'must be left to possible post-conviction relief.'"

266 Or App at 817 (quoting *Cloutier*, 351 Or at 104). As in *Taylor*, because defendant's claim rests on a constitutional provision other than the protection against cruel and unusual punishment, and because she does not argue that

the trial court was not authorized by statute to impose the sentence in this case, we lack jurisdiction over defendant's appeal.

We also reject defendant's argument that the fact that her claim rests on a *substantive* due process ground—in this case, her right to travel—as opposed to a *procedural* due process ground—as in *Cloutier*—is a meaningful distinction under ORS 138.050(1)(a). Although defendant has seized on the Supreme Court's statement in *Cloutier* that ORS 138.050(1)(a) "does not refer to a sentence that was imposed by *means of procedures* that violate the Due Process Clause of the federal constitution," 351 Or at 104 (emphasis added), the *Cloutier* court's holding and reasoning do not leave room for defendant's claimed distinction.

In *Cloutier*, the Supreme Court analyzed the text, context, and legislative history of ORS 138.050(1) and rejected the defendant's argument that the word "law," as used in the phrase "[e]xceeds the maximum allowable by law" in subsection (1)(a), was broad enough to include any sentence that had been entered in violation of the constitution. 351 Or at 94, 104. The court concluded that, although the defendant's proposed reading of ORS 138.050(1)(a) "may be a plausible reading of the bare wording of that statute," such a reading "is ultimately untenable when other indicia of legislative intent are taken into account," including the fact that more than a century of sentencing legislation and case law "consistently refers to 'maximum' sentences in terms of *statutory* maximums." *Id.* at 104 (emphasis in original). In sum, the court's analysis in *Cloutier* does not permit defendant's challenge to her sentence under ORS 138.050(1)(a), because she does not assert that her sentence exceeds a statutory maximum. Therefore, we dismiss the appeal for lack of jurisdiction.

Respondent's motion to dismiss granted; appeal dismissed.